Strafford,    }
Feb. 7, 1922. }

### ATTORNEY-GENERAL *v.* HARRY H. MEADER *& a.*

Bill of rights, *art.* 37 prohibits one department of the state government from interfering with another department or usurping its powers, but has no reference to the exercise of legislative and judicial powers by an official, and hence does not prohibit one from holding at the same time the offices of supervisor of the check list, city councilman and member of the legislature.

Under P. S., *c.* 50, *s.* 2; Laws 1921, *c.* 100, a city councilman may be elected by the city councils to an office (other than one pertaining to elections) where the remuneration does not exceed one hundred dollars *per annum.*

INFORMATION, in the nature of *quo warranto*, to determine the rights of the defendants to certain public offices in Rochester. The petition was filed January 11, 1921. At the biennial election of November, 1920, Meader was elected a representative to the legislature and a supervisor of the check list. At the time of his election to these offices he was a member of the city council of Rochester. He was holding all of these offices when this bill was filed.

At regular city elections held prior to the filing of this petition, the defendants Hamilton and Clark were elected members of the Rochester city council, and were holding the office of councilmen at the time of the filing of this petition. On the fifth day of January, 1921, Hamilton was elected a police officer and Clark a fire engineer. Neither of them qualified for these offices, but they performed the duties thereof. On the third day of May, 1921, by vote of the city council, these offices were declared vacant. Thereafter at the same meeting by vote of the city council Hamilton was elected a police officer and Clark a fire engineer; and they, thereupon, qualified as such officers. The annual salary of the police officer was one hundred dollars, and of the fire engineer seventy-five dollars.

At the February term, 1921, of the superior court, *Marble*, J., transferred, without a ruling, the questions whether the petition should be dismissed or whether the defendants should be ousted from any of said offices, and if so, from what offices.

*Henry D. Yeaton*, for the plaintiff.

*Smart & Smart*, for the defendants.

PLUMMER, J. It is contended by the plaintiff that the defendant Meader cannot at the same time hold the offices of supervisor of the

check list, city councilman and member of the legislature; that the holding of such offices by one person is forbidden by article 37 of our bill of rights which is as follows: "In the government of this state, the three essential powers thereof — to wit, the legislative, executive, and judicial — ought to be kept as separate from, and independent of, each other as the nature of a free government will admit or as is consistent with that chain of connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity."

The plaintiff states that Meader's duties as a member of the legislature and of the city council require him to exercise legislative functions, and that as a supervisor of the check list he is called upon to exercise judicial powers, and consequently that he is inhibited by the constitution from holding these offices at one time. The plaintiff misconstrues the article of the constitution above quoted. All that is meant by the language there used is that one department of the state government shall not interfere with another department, or usurp its powers and authority; that the legislative, executive and judicial departments should be separate and independent of each other so far as the efficient administration of the state government will permit.

The first case in which article 37 of the bill of rights was considered was *Merrill* v. *Sherburne*, 1 N. H. 199. The legislature passed an act granting the plaintiff in that case a new trial. The court held that this was an exercise of judicial power, and could not be permitted under the constitution. Other cases since have been decided that related to this clause in the constitution. But never has it been held that it had any reference to the exercise by an official of legislative and judicial powers. "The rules of law which govern both the business and the officers of the different departments of the state government were framed with reference to conducting the business of each department in the way to best promote the public welfare, but without special reference to the body of men who should perform the duties and exercise the functions of that department. . . . It is the legislative department, or the power to make laws, which the policy of the law exempts from the supervision and control of the court, — not the body of men who have the supreme power to exercise this function." *Sherburne* v. *Portsmouth*, 72 N. H. 539, 541. If, as claimed by the plaintiff, it were unconstitutional for an official to perform the functions of different departments of the state government mentioned in article 37 of the bill of rights, it would be impos-

sible to fill many important and necessary offices in the state. Members of city councils are called upon to perform legislative and executive or administrative acts. Selectmen of towns are judicial and administrative officers. *Sherburne* v. *Portsmouth, supra.* And mention might be made of other public officers whose duties require them to exercise the functions of different departments of the state government.

It is apparent that article 37 of the bill of rights was not intended by its framers to limit the offices officials should hold; because in articles 92, 93 and 94 of the constitution that subject is fully considered. In those articles certain officials are inhibited from holding other offices. But the inhibitions in these articles do not include the offices held by Meader, and there is nothing in the constitution that prohibits him from holding the offices to which he was elected by the suffrage of the people.

The plaintiff urges that Hamilton and Clark cannot hold the offices to which they were elected upon two grounds; one is the same as claimed against Meader, which has already been considered and disposed of; the other is that as they were members of the city council, Hamilton could not be a police officer nor Clark a fire engineer because they were offices of profit, which they were by statute forbidden to hold. P. S., c. 50, s. 2. By an amendment to this statute approved April 12, 1921 (Laws 1921, c. 100), city councilmen were permitted to hold offices of this character where the remuneration does not exceed one hundred dollars. Therefore, when Hamilton and Clark were elected to these offices and qualified therefor May 3, 1921, the statute interposed no objection thereto.

The plaintiff asserts that chapter 100, Laws of 1921 violates articles 23 and 37 of the bill of rights, but no reason is adduced for the assertion except that the statute allows officials to hold different offices having judicial and executive functions, which as already pointed out is not a violation of the constitution.

*Petition dismissed.*

All concurred.