In the Matter of JOSEPH ROSENTHAL, Respondent, against JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, et al., Appellants.

Submitted January 16, 1939; decided February 21, 1939.

12

*William C. Chanler, Corporation Counsel (Paxton Blair* and *Leonard M. Wallstein, Jr.,* of counsel), for motion. A delegation to the judiciary of plenary power to appropriate and expend public funds is unconstitutional. (*People* v. *Tremaine,* 252 N. Y. 27; *Matter of College of City of New York* v. *Hylan,* 205 App. Div. 372; 236 N. Y. 594;

*Smith* v. *Strother,* 68 Cal. 194; *State ex rel. City of Fargo* v. *Wetz,* 40 N. D. 299; *Matter of Drake,* 106 Penn. Super. Ct. 383; *People ex rel. Wakeley* v. *McIntyre,* 154 N. Y. 628; *State ex rel. Davis* v. *Eggers,* 29 Nev. 469; *Tillotson* v. *Frohmiller,* 34 Ariz. 394; *Blaine County Investment Co.* v. *Gallet,* 35 Ida. 102; *Matter of Small* v. *Moss,* 279 N. Y. 288.)

*Samuel Binder* and *Jesse C. Rogers* opposed. The delegation of power to the trustees of the County Court library in Kings county to fix the compensation of the librarian and principal consultation and opinion clerk, was not prohibited by the Constitution of this State. (*Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592; *People ex rel. Cropsey* v. *Hylan,* 199 App. Div. 218; 232 N. Y. 601; *Matter of Flaherty* v. *Craig,* 226 N. Y. 76; *People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377; *Matter of Bateman* v. *Mayor,* 247 N. Y. 250; *People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451.)

*Per Curiam.* The question whether, under the Constitution, the Legislature may confer upon an administrative board or officer plenary authority to fix the compensation of its employees, or to fix other expenses incurred in carrying on public work has been authoritatively decided by this court many years ago. Authority so conferred is not a legislative power to appropriate. The Legislature, exercising the control which, under the Constitution, it retains over the moneys of the State and of the cities of the State, merely adds " one more mandatory appropriation to the list " of such appropriations. It confers upon the administrative officer or board power only to determine the amount which, in the opinion of the officer or board, is required to carry out in proper manner a specified public purpose. (*Matter of McAneny* v. *Bd. of Estimate & Apportionment,* 232 N. Y. 377, 387; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592; *Matter of McKinney* v. *McGoldrick,* 243 App. Div. 210; affd., 266 N. Y. 632.) The field within which the board

may act is narrow and is purely administrative though within that field the Legislature leaves discretion unfettered by any express rule or standard formulated by the Legislature.

The Legislature might, if it chose, limit the field further by providing that compensation paid by the board may not exceed a specified sum, but it is not bound to do so. Where the Legislature concludes that the public interest will be best served by conferring upon a board or officer, intrusted with a public duty, authority to determine the amount to be paid to the employees required in the proper performance of such duty, the Constitution does not prohibit the Legislature from conferring such authority. The question to be determined is narrow and clearly defined. Implicit in that question are the criteria which must govern, though the weight to be given to varying factors rests with the board or officer. Here, under the decisions of this court and the rules laid down by the Supreme Court of the United States in *Panama Refining Co. v. Ryan* (293 U. S. 388), there is no delegation of a legislative power, but only the conferring of an enlarged administrative power.

The rule of separation of governmental powers cannot always be rigidly applied. " The exigencies of government have made it necessary to relax a merely doctrinaire adherence to a principle so flexible and practical, so largely a matter of sensible approximation, as that of the separation of powers." The rule that the judiciary may not be charged with administrative functions does not apply when such functions are " reasonably incidental to the performance of judicial duties." (*Matter of Richardson*, 247 N. Y. 401, 410, 418, opinion by CARDOZO, Ch. J.) Supervision of the courts, appointment of court officers and employees, and determination of their compensation, are, it is plain, administrative functions " incidental to the performance of judicial duties " and may be intrusted to judicial officers. That has never been doubted and statutes conferring such power have never been challenged.

Even in this case and its companion cases, the statutes were not challenged until this motion for reargument was made. We do not decide now whether such a challenge comes too late. We decide only that earlier decisions of this court provide answer to the challenge. The Legislature has chosen to confer upon a few judicial officers a plenary power to fix salaries of a few clerks and employees which has been denied in all other cases. We do not know why the Legislature made such distinction. Inquiry by the courts of the wisdom of legislative action would be an encroachment by the courts upon the field reserved under the Constitution to the Legislature. Mandatory appropriations, whether the amount be fixed by the Legislature or by other officers, may involve important questions of fundamental principles of governmental policy which must be determined by the Legislature. They involve no question of constitutional principle which has not been passed upon by the courts.

Motion for reargument denied.