Cheshire,
No. 5321.

DOMENICO POMPONIO *v.* STATE *& a.*

Argued March 3, 1965.
Decided April 30, 1965.

*William D. Tribble* and *David J. KillKelley* (*Mr. KillKelley* orally), for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* (*Mr. Smith* orally), for the defendants.

BLANDIN, J. The plaintiff first takes the position that the decision by a duly authorized representative of the defendant Commissioner of the Department of Employment Security involved a judicial function and that the plaintiff therefore "has an unqualified right to have the matter determined by the court." His claim rests upon the proposition that Pt. I, *Art.* 37th of the New Hampshire Constitution, providing for the separation of powers between the legislative, executive and judicial branches of the Government, forbids the defendant to decide the issue of the wilfull making of false statements and the concealment of material facts charged against the plaintiff here. He concedes that he has found no authorities in point which would support his argument in the existing circumstances.

RSA 282:14D (supp) provides, so far as relevant, that any applicant for benefits who wilfully makes a false statement or knowingly fails to disclose a material fact in order to gain benefits, may, within the discretion of the Commissioner or his authorized representative, be disqualified from receiving benefits for certain periods of time. The Commissioner also may order the claimant to make restitution of overpayments which he has received as a result of his falsehood or failure to disclose material facts.

It is well established that the Unemployment Compensation act is purely statutory, that the rights of applicants thereunder depend entirely upon the statute, and that certain constitutional provisions as, for example, the right to trial by jury (New Hampshire Constitution, Pt. I, *Art.* 20th), have no application. This subject was fully discussed in the case of *Hallahan* v. *Riley*,

94 N. H. 338, so that it seems unnecessary to advert to it further here. In that case also, it was said that the administrative procedures set up by the act were "comprehensive and designed to facilitate a simple and speedy determination of benefit claims." *Id.*, 340. In all jurisdictions having such legislation, there appears the common feature of providing that "administrative appeals shall be simple, prompt and non-legalistic." *Id.*, 340.

In *Hewett* v. *Riley*, 94 N. H. 460, a situation similar to the one before us arose and it seems to have been assumed by the parties and the court that the Department of Employment Security acted within constitutional limitations in deciding disputed questions of fact. The court says that "there is no claim that the fact finding body acted without jurisdiction or authority." *Id.*, 462. Decisions upon questions of fact by various administrative bodies have long been an integral and accepted procedure in our governmental system. *Boody* v. *Watson*, 64 N. H. 162; *Attorney General* v. *Littlefield*, 78 N. H. 185, 189; see also our zoning law, RSA 31:60-76, as amended. In cases where Pt. I, *Art.* 37th of our Constitution has been invoked to challenge the authority of administrative boards to determine factual issues, we have repeatedly emphasized that "the constitutional division of governmental powers contemplates some overlapping and duality in the division as a matter of practical and essential expediency." *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 203. We noted in *Opinion of the Justices*, 102 N. H. 195, 197 that *Art.* 37th "has continued to receive a practical construction." See also, *Opinion of the Justices*, 85 N. H. 562, 567. It has been pointed out by eminent authorities that without a sensible interpretation of such provisions there would have been little, if any, development of administrative boards. 1 Davis, Administrative Law Treatise, s. 1.09 (1958). Dean Roscoe Pound expressed a like view in his Jurisprudence 330, 331 (1959).

*Opinion of the Justices*, 87 N. H. 492, relied upon by the plaintiff, wherein we held unconstitutional a proposed bill which would have empowered a commission to decide motor vehicle negligence claims pursuant to the common law at the option of the plaintiff, is clearly distinguishable from the present case. It does not support the plaintiff in the case before us.

We think we need not labor the point that were the defendant department to be stripped of its powers to continue such elementary and essential procedures as are here involved, its

practical utility would approach the vanishing point. In the light of our previous treatment of *Art.* 37th and the absence of authority or persuasive considerations supporting the plaintiff's view, we reject his claim that he had an unqualified right to have the factual questions involved in the decision made by the Commissioner decided by the court.

The plaintiff also argues that the department is attempting "to collect a debt" due from him and that "such powers should not be granted to administrative decision." In view of what we have already decided, we do not believe that this contention requires extended consideration. The department has merely determined under the statute, RSA 282:14D (supp), as a matter of accounting, the amount which the defendant has wrongfully collected and should therefore return. We find no violation of *Art.* 37th existing in this procedure.

The plaintiff further urges that even if section 14D (supp), *supra*, be found constitutional, his appeal was timely. To resolve this issue requires an examination of the facts. The record discloses that due notice of the hearing to determine whether the plaintiff had violated section 14D (supp) *supra*, was sent to him. He acknowledged receipt of this and advised the department that he did not plan to attend the hearing, which was held in accordance with the notice on February 14, 1964. The plaintiff failed to appear. Three days later, on the seventeenth, the decision of a duly authorized representative of the Commissioner was mailed to the plaintiff. The decision stated that the plaintiff had "wilfully made a false statement and knowingly failed to disclose material facts to obtain or increase benefits. . . ." It further went on to disqualify him from receiving benefits for certain periods and also ordered him to make restitution under section 14D (supp), *supra*, of $714 which he had wrongfully collected. At the bottom of the sheet containing the decision was printed in bold letters, "Appeal Rights." The notice then continued as follows: "Any interested party may appeal from this decision by filing an appeal with the Commissioner *within* 7 *calendar days* after the date of mailing this decision as stated above. Any interested party aggrieved by any decision and procedure under Section 14-D RSA Chapter 282, as amended, may appeal to superior court in the manner provided in Section 5-G(3) of this chapter." No appeal was taken by the plaintiff until March 3, on the fifteenth day after the decision was mailed to him, when he filed the present petition in the Superior Court.

The Legislature, in enacting RSA ch. 282, was apparently

mindful of the long-established rule that issues of fact decided by an administrative body are generally not reviewable by the courts unless the statute so provides. *Boody* v. *Watson*, 64 N. H. 162, 186; *Attorney General* v. *Littlefield*, 78 N. H. 185. It accordingly inserted in the act section 5G(5) (supp), which, in conjunction with 5G(1), provides for an appeal to the Superior Court "within ten days after the date of mailing of [the department's] decision." Section 5G(3) lays down the procedure for taking this appeal and reiterates that it must be filed within the ten-day limit. It provides that the Superior Court shall hear the case *de novo.*

The plaintiff argues, in substance, that the decision which was mailed to him on February 17 did not become "final" until February 24, since he had seven days after the 17th in which to appeal this decision to the Commissioner. RSA 282:5B(6)(7). He therefore insists that his appeal to the Superior Court under section 5G(5) (supp) was timely. We are unable to accept this interpretation of the act.

However the plaintiff refers to regulation No. 29 of the department which, so far as relevant, states that any determination of the department "shall specify . . . appeal rights . . . including within what time limit any appeal therefrom must be filed under Chapter 282. . . ." He correctly says that the decision did not state the time limit in which an appeal could be made to the court, but merely set out the seven-day limit within which the plaintiff could appeal to the Commissioner. The decision quoted verbatim the applicable section here (section 5G(5) (supp)), that "any interested party aggrieved by any decision in proceedings under Section 14-D RSA Chapter 282, as amended, may appeal to superior court in the manner provided in Section 5-G(3) of this chapter." However this statement was not sufficient compliance with the department's own regulation No. 29 requiring the decision to state the "time limit" for an appeal to the Superior Court. In this situation, while the plaintiff's appeal was not timely under RSA 282:5G(5), he has not received the "simple . . . and nonlegalistic" remedy required under the act. *Hallahan* v. *Riley*, 94 N. H. 338, 340. He is therefore entitled to prosecute his appeal.

The order is

*Remanded.*

All concurred.