Request of Governor and Council,
No. 6085.

OPINION OF THE JUSTICES.

Answer returned June 30, 1970.

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court submit the follow-ing answers to the questions contained in your resolution filed May 19, 1970 concerning the constitutionality of Laws of 1970, chapter 44, sections 8 and 9. Your resolution stated that there are "important questions pending before Governor and Council which will be affected" by those statutory provisions.

The questions concern the executive duties of the Governor and Council and upon the assumption that an opinion would assist in the performance thereof, we deem it a proper subject for an opinion. *Opinion of the Justices,* 102 N.H. 183, 152 A.2d 870; *Opinion of the Justices,* 96 N.H. 513, 68 A.2d 859. As has been previously and consistently observed the wisdom and practicality of legislation is not a matter of judicial concern. *Opinion of the Justices,* 110 N.H. 117, 262 A.2d 290; *Opinion of the Justices,* 101 N.H. 549, 553, 137 A.2d 726, 729. We also note that our

duty to return an answer does not depend upon the consent or approval of other branches of the government affected. *Opinion of the Justices,* 102 N.H. 80, 150 A.2d 813.

Your questions relating to Laws 1970, chapter 44, sections 8 and 9 are:

"1. Do these amendments or either of them provide for an unconstitutional intrusion of the legislative branch of government into the executive branch of government?

"2. Do these amendments provide for an unconstitutional delegation of executive powers to the legislative branch of government?

"3. Do these amendments provide for an unconstitutional delegation of power from the Legislature to a committee thereof?"

Laws of 1970, chapter 44, sections 8 and 9 amended RSA 94:3-b (supp.) and inserted RSA 98:17-c. RSA 94:3-b (supp.) authorized the Governor and Council "upon a finding that it is in the best interests of the state" to increase the salary ranges of unclassified positions in order to recruit or retain qualified personnel. RSA 98:17-a and RSA 99:8 (supp.) required approval of Governor and Council to any request for reclassification of classified employees where necessary for the same purpose.

The amendments of Laws of 1970, chapter 44, sections 8 and 9 require the approval of the Fiscal Committee of the General Court prior to submission of a request for approval to the Governor and Council under RSA 94:3-b (supp.). RSA 98:17-a or RSA 99:8 (supp.).

Your questions raise the issue of whether the additional requirement of approval by the Fiscal Committee of the General Court prior to submission of proposed salary changes to the Governor and Council is in conflict with the separation of powers article in our Constitution. N.H. CONST., pt. 1, art. 37.

Historically the concept of separation of powers embodied in virtually every American constitution was designed to protect the people from the tyranny of any one branch of the government being supreme in all fields. II Pound, Jurisprudence 328 (1959). Unlike most state constitutions (*see* Index Digest of State Constitutions at 353 (2d ed. 1959) the language of the New Hampshire Constitution recognizes that separation of powers in a workable government cannot be absolute but should be "as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of

connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity." N.H. CONST., pt. I, art. 37. *See* A Modern Constitution for New Hampshire, 6 N.H.B.J. 208, 209.

The statements in the Constitution that the legislature has "the supreme legislative power" ( pt. II, art. 2 ), that the "executive power" is in the Governor ( pt. II, art. 41 ) and the "judicial power" shall vest in the courts do not provide easy-to-find compartments for all governmental operations. The three branches of government "cannot be completely separated" and "[i]n the nature of things there must be some overlapping." *Opinion of the Justices,* 85 N.H. 562, 567, 154 A. 217, 223; *Opinion of the Justices,* 102 N.H. 195, 196, 152 A.2d 878, 879. Indeed part II of the Constitution sets forth a significant, albeit limited blending of those powers. ( Articles 5, 17, 33, 38, 40, 43, 44, 45, 49, 50, 52, 63, 67, 93, 94, 95 ); 6 N.H.B.J. 208, 209, *supra.* Thus, part I, article 37 "has continued to receive a practical construction" ( *Opinion of the Justices,* 102 N.H. 195, 197, 152 A.2d 878, 880 ) and has been acknowledged to contemplate "some overlapping and duality as a matter of practical and essential expediency." *Cloutier* v. *State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557; *Pomponio* v. *State,* 106 N.H. 273, 275, 209 A.2d 733, 735; *Ferretti* v. *Jackson,* 88 N.H. 296, 299, 188 A. 474, 476-77; *Opinion of the Justices,* 85 N.H. 562, 567-68, 154 A. 217, 223.

Part I, article 37 does not require the erection of impenetrable barriers between the branches since "there are governmental powers of doubtful classification which may be held properly to belong to either of more than one department of government." II Pound, Jurisprudence 330-31 ( 1959 ); *Ferretti* v. *Jackson,* 88 N.H. 296, 299, 188 A. 474, 476-77; *Opinion of the Justices,* 74 N.H. 606, 607, 68 A. 873, 874. *See* Frankel, The Governor's Private Eyes, 9 B.U.L. Rev. 627 ( 1969 ).

The separation of powers requirement in the Constitution is violated by an improper imposition upon one branch of constitutional duties belonging to another ( *Attorney General* v. *Morin,* 93 N.H. 40, 35 A.2d 513; *Ferretti* v. *Jackson,* 88 N.H. 296, 300, 188 A. 474, 477; *Opinion of the Justices,* 85 N.H. 562, 154 A. 217 ), or, an encroachment by one branch upon a constitutional function of another branch of government. *Merrill* v. *Sherburne,* 1 N.H. 199; *Opinion of the Justices,* 86 N.H. 597,

166 A. 640; *Opinion of the Justices,* 101 N.H. 531, 133 A.2d 792.

RSA 94:3-b (supp.), RSA 98:17-a and RSA 99:8 (supp.) was a delegation by the legislature of its power to fix salaries. Although in the absence of express legislative authority the Governor and Council may not fix salaries even of personnel which the Governor is empowered to appoint (*State ex rel. West Virginia Board of Education* v. *Miller,* 168 S.E. 820, 825 (W. Va. 1969)) they may be delegated such authority. *Gooch* v. *Exeter,* 70 N.H. 413, 417, 48 A. 1100, 1102; *Rosenthal* v. *Mc-Goldrick,* 280 N.Y. 11, 19 N.E.2d 660. Since the legislature may delegate its power to fix salaries and "to name civil officers" (N.H. CONST. pt. II, art. 5) it may properly impose conditions upon the exercise of such delegated authority. *Rosenthal* v. *Mc-Goldrick, supra.*

The only question remaining is whether the "fiscal committee of the general court" may properly act as an approving agency. The Fiscal Committee of the General Court was established by Laws of 1965, chapter 239, section 19 which is now RSA 14:30-a (supp.). It provides for a committee of eight members consisting of five members of the house appropriations and three members of the senate finance committees. It is charged both during the session of the General Court and during the interim with consulting, assisting, advising and supervising the work of the legislative budget assistant who is appointed by the committee. *See* RSA 14:30. In addition the committee "may at its discretion investigate and consider any matter relative to the appropriations, expenditures, finances, revenues or any of the fiscal matters of the state" (RSA 14:30-a (supp.)) and direct the legislative budget assistant to conduct such investigations "for the information of the legislature." RSA 14:31 (III) (supp.).

The duties thus imposed upon the committee are not legislative but administrative and the fact that the members are legislators does not prevent their acting on an administrative committee. *Attorney General* v. *Meader,* 80 N.H. 292, 293-94, 116 A. 433, 434; *Opinion of the Justices,* 96 N.H. 517, 529, 83 A.2d 738, 746. In this State the nature of the act performed rather than the title of the performer determines whether an act is legislative or executive. *Nelson* v. *Wyman,* 99 N.H. 33, 38, 105 A.2d 756, 762.

We are of the opinion that the Fiscal Committee of the General Court was an administrative committee charged with administrative duties in connection with the fiscal policies of the State. The

committee is governed by the same considerations as apply to approval by the Governor and Council and no unconstitutional delegation of power is involved. This authority conferred on the fiscal committee does not invade any of the powers conferred by the Constitution upon the Governor and Council. Furthermore, Laws 1970, ch. 44, *ss.* 8 and 9 establish a permissible division of responsibility between the executive and legislative branches with domination of one by the other.

As such the legislature might properly charge them with the additional duty of approving salary changes proposed by department heads or appointing authorities prior to their submission to the Governor and Council. The answer to each question submitted is "no."

> FRANK R. KENISON
> LAURENCE I. DUNCAN
> EDWARD J. LAMPRON
> ROBERT F. GRIFFITH

June 30, 1970.

*To his Excellency the Governor and the Honorable Council:*

In my opinion the following answers should be made to the inquiries contained in your request of May 18, 1970.

The legislature, recognizing that urgent situations might arise between sessions which would create a need to increase certain salaries, created a statutory scheme to provide therefor. It set out certain conditions and guidelines for determining when such increases were justified. It authorized the Governor and Council to grant the increases when these conditions were found to exist. All this was within the legislative power.

However, it is my opinion that the determination of when, within the guidelines set forth in the statutes, a salary increase is justified is an administrative function falling within the powers of the executive department. "The executive department is the active agency to carry laws into effect and enforce them." *Opinion of the Justices,* 85 N.H. 562, 567, 154 A. 217, 223. *Opinion of the Justices,* 74 N.H. 606, 68 A. 873.

It is true that the powers of government cannot be completely separated and that there must be some overlapping. *Pomponio*

v. *State,* 106 N.H. 273, 275, 209 A.2d 733, 735. However, such powers of one branch which may be exercised by another " may be only attributes of an ancillary character to give efficiency to the activities of the department to which they are attached. " *Opinion of the Justices,* 85 N.H. 562, 567, 154 A. 217, 223. " But no such situation is here presented. " *Id.* at 568, 154 A. at 223.

By requiring the approval of the Fiscal Committee of the legislative branch, executive powers are sought to be conferred on a committee of the General Court. Such a device would make the exercise of the executive function dependent upon prior approval of this legislative committee.

It is no answer to say that the legislative department was not required to provide a system for increasing salaries between sessions and that therefore if it does, it can retain control over the execution of the scheme through one of its own committees. Such reasoning could apply to most laws requiring execution, and if such control can be upheld in this instance, it could pave the way to complete domination of the executive by the legislative department.

It is my opinion that the amendments to RSA 94:3-b ( supp. ) as inserted by Laws 1970, 44:8 and to RSA ch. 98 as inserted by Laws 1970, 44:9, are unconstitutional and void as an encroachment upon the powers of the executive department to execute and administer the laws. *Book* v. *State Office Building Commission,* 149 N.E.2d 273 ( Ind. 1958 ); *Springer* v. *Philippine Islands,* 277 U.S. 189, 72 L. Ed. 845, 48 S. Ct. 480. The answers to all three questions presented should be in the affirmative.

WILLIAM A. GRIMES

June 30, 1970.

*James H. Hayes,* Executive Councilor; *Henry C. Newell,* Representative, Concord, Merr. Dist. No. 26; *Joseph M. Eaton,* Chairman, Appropriations, Joint Fiscal and Advisory Budget Committees, for affirmative answers.

*Arthur G. Marx* and *William J. Deachman,* for negative answers.

*Warren B. Rudman,* Attorney General, filed a memorandum.