Request of the Senate
No. 6667

OPINION OF THE JUSTICES

June 4, 1973

The following resolution was adopted by the senate, and filed in this court on May 11, 1973:

"Whereas, there is pending before the Senate, Senate Bill No. 75, as amended, an Act adopting the Uniform Management of Institutional Funds Act, and

"Whereas, Senate Bill No. 75 would amend RSA by inserting a new chapter 292-B, and

"Whereas, section 292-B:3, rule of construction, would apply to gift instruments (as defined in 292-B:1-a, VI) executed or in effect before or after the effective date of chapter 292-B, and

"Whereas, the question of whether the application of said rule of construction to gift instruments executed or in effect before the effective date of chapter 292-B violates Article

37, Part 1, of the constitution of the State of New Hampshire has been raised, now therefore be it

"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"To the extent that the provisions of SB 75 purport to affect existing endowment funds, would such provisions be unconstitutional as an invasion of the equitable powers of the Judiciary [N.H. Constitution Part 1, Art. 37] or for any other reason?

"Be it Further Resolved, that the President of the Senate transmit seven copies of Senate Bill 75 in its amended form to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

To the Honorable Senate:

The undersigned justices of the supreme court give the following answer to the question contained in your resolution of May 9, 1973, filed in this court on May 11, 1973. Memoranda thereon were ordered to be filed by May 21, 1973.

Your question pertains to Senate bill 75 which would amend our *Revised Statutes Annotated* by adding chapter 292-B entitled "An Act adopting the uniform management of institutional funds act." The bill has a declaration of purpose not found in the uniform act which reads as follows: "292-B:1 Declaration of Purpose. It is hereby declared to be in the public interest and to be the policy of the state to promote, by all reasonable means, the maintenance and growth of eleemosynary institutions by encouraging them to establish and continue investment policies, without artificial constraints, which will provide them with the means to meet the present and future needs of such eleemosynary institutions pursuant to the provisions of this act. To this end it is hereby declared to be in the public interest and to be the policy of the state to encourage such institutions to adopt investment policies whose objective is to obtain the highest possible total rate

of return consistent with the standard of prudence." "A legislative declaration of purpose is ordinarily accepted as a part of the act...." *Opinion of the Justices,* 88 N.H. 484, 490, 190 A. 425, 429 (1937); *Velishka v. Nashua,* 99 N.H. 161, 165, 106 A.2d 571, 573 (1954); *Opinion of the Justices,* 113 N.H. 201, 304 A.2d 89 (1973).

This purpose is to be accomplished by providing: (1) a standard of prudent use of appreciation in invested funds (§ 2); (2) specific investment authority (§ 4); (3) authority to delegate investment decisions (§ 5); (4) a standard of business care and prudence to guide governing boards in the exercise of their duties under the act (§ 6); and (5) a method of releasing restrictions on use of funds or selection of investments by the donor's acquiescence or court order (§ 7). This bill, except for certain minor changes not material to the question, is identical to an act drafted by the National Conference of Commissioners of Uniform State Laws, and approved and recommended in August 1972 for enactment in all States. That act or similar acts authorizing expenditure of appreciation in the value of assets subject to a standard of business care and prudence have been adopted in several States. *See* New York Not-for-Profit Corporation Law § 513 (d); N.J. Stat. Ann. §15:18-8; Cal. Ann. Corp. Code § 10251 (c); R.I. Gen. Laws Ann. § 18-12-2.

The question submitted to this court reads as follows: "To the extent that provisions of SB 75 purport to affect existing endowment funds, would such provisions be unconstitutional as an invasion of the equitable powers of the Judiciary [N.H. Constitution Part 1, Art. 37] or for any other reason?"

Our answer to this question is "No".

The proposed act applies exclusively to funds held by an eleemosynary institution for its exclusive use, benefit or purposes. Hence there exists no conflict of interest beween an income beneficiary and a remainderman, nor is there the usual fiduciary relationship toward beneficiaries which exists when a trust fund is not held for the exclusive use, benefit or purposes of its administrator as are the funds to be regulated by this act. These institutions are in a situation with regard to their endowment funds similar to that of directors of a business corporation with respect to the administration

of its property. Restatement (Second) of Trusts § 389, Comment *b* (1959); *see* 1951 Opinions of the Att'y Gen. 159, 161 (N.Y.).

Although courts can pass on the propriety of investments made by business corporations, such as savings banks, on a case to case basis, our legislature has regulated for many years the investments legally to be made by these institutions. *See, e.g.,* P.S. ch. 165; RSA ch. 387. These regulations are in the exercise of the broad powers of the legislature to secure the safety of the depositors. *Peterborough Savings Bank v. King,* 103 N.H. 206, 168 A.2d 116 (1961). It is our opinion that there is a similar and even greater public interest to insure that endowment funds provide the maximum opportunity for education or other similar purposes, for which they were created. RSA 7:19-32-a, *as amended,* (Supp. 1972). This consideration can be the basis of regulations by the legislature such as those proposed by Senate bill 75.

Matters relating to trusts are usually within the jurisdiction of the judiciary. However, part 1, article 37 of the New Hampshire constitution does not require the erection of impenetrable barriers between the branches of our government. On the contrary, the three departments must move in concert without improper encroachments by one branch upon the functions of another. *Opinion of the Justices,* 110 N.H. 359, 363, 266 A.2d 823, 826 (1970); Vanderbilt, The Doctrine of the Separation of Powers and Its Present-day Significance 50 (1963). This provision has continued to receive a practical construction and has been acknowledged to contemplate some overlapping and duality as a matter of practical and essential expediency. *Opinion of the Justices supra.*

We are of the opinion that the provisions of proposed RSA ch. 292-B which would promulgate rules for the administration of endowment funds which respect the expressed intentions of the donors would not constitute an improper encroachment upon the functions of the judicial branch of our government. It is also our opinion that the application of these rules of administration to endowment funds created previous to its enactment would not violate the provisions of part 1, article 23 of our State constitution. *See Pepin v. Beaulieu,* 102 N.H. 84, 89-90, 151 A.2d 230, 235 (1959);

*Hartford Accident & Indem. Co. v. Duval,* 113 N.H. 28, 30-31, 300 A.2d 732, 734 (1973). This view is supported by authorities sustaining comparable provisions of the Uniform Principal and Income Act. *In re Gardner's Trust,* 266 Minn. 127, 132, 123 N.W.2d 69, 73 (1963); Annot., 69 A.L.R.2d 1137; G. Bogert, Trusts & Trustees § 847, at 504-06 (2d ed. 1962).

As previously stated our answer to your question is "No". *See* Cary and Bright, *The "Income" of Endowment Funds,* 69 Colum. L. Rev. 396 (1969).

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
ROBERT F. GRIFFITH

June 4, 1973.

St. Anselm's College, by its president, Brendan P. Donnelley, O.S.B., for a negative answer.

Trustees of Phillips Exeter Academy, by its attorneys, Orr & Reno and Charles H. Toll, Jr., for a negative answer.

St. Paul's School, by its attorneys, Orr & Reno and Robert H. Reno, for a negative answer.

Dartmouth College, by its attorneys, Stebbins & Bradley, for a negative answer.

Mary Hitchcock Memorial Hospital, by its attorney, S. John Stebbins, for a negative answer.

Concord Hospital and New Hampshire Hospital Association, by Norman R. Brown, for a negative answer.

Conference of Commissioners of Uniform State Laws, by Joseph A. Millimet and Jack B. Middleton, commissioners, for a negative answer.

Attorney General Warren B. Rudman by G. Wells Anderson, director of charitable trusts, for an affirmative answer.

Roman Catholic Bishop of Manchester, by his attorney, Donald R. Bryant, for a negative answer.