Request of Governor and Council
No. 87-314

OPINION OF THE JUSTICES

October 8, 1987

The following answers were returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned, justices of the supreme court, return the following reply to the questions presented in your resolution adopted August 7, 1987, and filed in this court on August 14, 1987.

Pursuant to part II, article 74 of the New Hampshire Constitution you inquire:

1. May the Governor and Council approve the requested contracts, and thereby lawfully authorize and obligate the expenditure of funds from the footnoted appropriations without fiscal committee approval of said expenditures?

2. Do the aforesaid budget footnotes provide for an unconstitutional intrusion of the legislative branch of government into the executive branch of government?

3. Do these footnotes provide for an unconstitutional delegation of executive powers to the legislative branch of government?

4. Do these footnotes provide for an unconstitutional delegation of power from the Legislature to a committee thereof?

We first observe that our answers to the first two questions make it unnecessary for us to address questions three and four. In our opinion the budget footnotes at issue, requiring approval of certain contracts by the fiscal committee, are an unconstitutional encroachment by the legislative branch upon the executive branch of government.

Part I, article 37 of the New Hampshire Constitution states that

"[i]n the government of this state, the three essential powers thereof, to wit, the legislative, executive, and judicial, ought to be kept as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity."

■ This court has long recognized that the separation of powers provided for in the State Constitution is not absolute, but rather permits an overlapping of powers among the branches in certain areas. *See, e.g., Opinion of the Justices,* 118 N.H. 582, 392 A.2d 125 (1978); *Opinion of the Justices,* 113 N.H. 287, 306 A.2d 55 (1973). While some overlapping is permitted, the legislature may not encroach upon the exercise by the executive branch of clearly executive powers.

■■ Justices of this court have previously opined that the power to make contracts for the expenditure of the State's funds is characteristically an executive function under the plain language of the constitution:

"[I]t is difficult to understand why the duty imposed upon the governor by the statute under consideration is not an executive duty, within the meaning of the constitution. The nature of the duty—the exercise of judgment and discretion in the making of contracts—indicates that it is not exclusively a legislative duty, while no one would claim that it is a judicial duty. Hence, the conclusion would seem to follow necessarily, that it is an executive duty which the legislature had the power to impose upon the governor as the 'supreme executive magistrate' of the state. It pertains exclusively to the fiscal administration

of the affairs of government and is plainly designated in the language of the constitution as executive."

*Opinion of the Justices*, 74 N.H. 606, 607, 68 A. 873, 874 (1907). *See Opinion of the Justices*, 110 N.H. 359, 364, 266 A.2d 823, 827 (1970) ("[T]he nature of the act performed . . . determines whether an act is legislative or executive"). Once the legislature has made an appropriation for the executive branch, the requirement of fiscal committee approval of contracts made pursuant thereto by the executive branch is an unconstitutional intrusion into the executive branch of the government. As Justice Grimes stated in his dissent in *Opinion of the Justices*, 110 N.H. 359, 366, 266 A.2d 823, 827 (1970):

> "By requiring the approval of the Fiscal Committee of the legislative branch, executive powers are sought to be conferred on a committee of the General Court. Such a device would make the exercise of the executive function dependent upon prior approval of this legislative committee. . . . [I]f such control can be upheld in this instance, it could pave the way to complete domination of the executive by the legislative department."

In so holding, we come to the same conclusion that other courts have reached when confronted with questions similar to those posed to us. *Alexander et al. v. State*, 441 So. 2d 1329, 1341 (Miss. 1983) ("Once taxes have been levied and appropriation made, the legislative prerogative ends and executive responsibility begins. . . .); *State ex rel. McLeod, Atty. Gen. v. McInnes et al.*, 278 S.C. 307, 317, 295 S.E.2d 633, 637 (1982) ("[A]dministration of appropriations . . . is the function of the executive department."); *Anderson v. Lamm*, 195 Colo. 437, 447, 579 P.2d 620, 627 (1978) ("[T]he requirement for Joint Budget Committee approval unconstitutionally infringes upon the executive's power to administer appropriated funds."); *Opinion of the Justices to the Senate*, 376 N.E.2d 1217, 1222 (Mass. 1978) ("[T]he activity of spending money is essentially an executive task."); *State ex rel. Schneider v. Bennett*, 219 Kans. 285, 301, 547 P.2d 786, 797 (1976) (State Finance Council overseeing use of budget appropriations held to be an unconstitutional encroachment on powers of the executive); *In re Opinion of the Justices to the Governor*, 341 N.E.2d 254, 257 (Mass. 1976) ("[T]o entrust the executive power of expenditure to legislative officers is to violate [the mandated separation of powers] by authorizing the legislative department to exercise executive power."); *State ex rel. Meyer v. State Board*, 185 Neb. 490, 500, 176 N.W.2d 920, 926 (1970)

("[The legislature] cannot through the power of appropriation exercise or invade the constitutional rights and powers of the executive branch of the government. It cannot administer the appropriation once it has been made."); *People v. Tremaine*, 252 N.Y. 27, 56, 168 N.E. 817, 827 (1929) (Crane, J., concurring) (holding unconstitutional a requirement that a legislative committee sit with the governor in decisions regarding spending of money on state buildings (see separate opinion of Justice Crane)).

The memorandum filed on behalf of the legislative leadership neither denies the weight of such persuasive authority nor cites cases to the contrary. That memorandum seeks rather to support the provisions in question by calling our attention to the practical problems that the legislature perceived and sought to deal with by providing for the fiscal committee veto. The memorandum attempts to justify the assertion of control over expenditures for computers by reference to testimony that it received from the executive branch, which is said to indicate that "the computer situation at the Division of Informational Services was essentially out of control." It justifies the restrictions on expenditures for maintenance because of the claimed "inability [of the executive branch] to substantiate [its] appropriation request."

We draw no conclusions, of course, about the merits of these factual claims. But even if we assume, *arguendo*, that such problems exist, the legislative branch has clearly constitutional means to deal with them. The legislature has the authority to deny a requested appropriation until it is satisfied that the executive branch has justified the request for it and can administer it prudently. The problems alleged are, conversely, no justification for encroachment on executive branch authority. Under the State Constitution, as elsewhere in life, two wrongs do not make a right.

■ We should not conclude without noting that the context of the questions before us today can be distinguished from that presented in *Opinion of the Justices*, 110 N.H. 359, 266 A.2d 823 (1970), where the court considered nearly identically worded questions regarding the fiscal committee in the context of legislative amendments increasing salary ranges of unclassified State positions and reclassification of certain positions. The justices there expressed their opinion that since the power to fix salaries was legislative in nature, the legislature could delegate its power to the fiscal committee. The issue here, however, is one of the power to contract to expend appropriations for executive branch agencies, which is clearly executive in nature. Therefore, the legislature may

not invade the province of the executive by requiring the approval of the fiscal committee for contracts entered into by the executive. The legislature has sufficient power at its disposal to act as a "legislative watchdog" for purposes of ensuring its role in policy-making, *Monier v. Gallen*, 120 N.H. 333, 339, 414 A.2d 1297, 1301 (1980), without intruding on the executive's discretion for expenditure of funds. *See* RSA 14:30 *et seq.* Thus, we answer yes to the first and second questions.

> DAVID A. BROCK
> WILLIAM F. BATCHELDER
> DAVID H. SOUTER
> WILLIAM R. JOHNSON
> W. STEPHEN THAYER, III

October 8, 1987

*Richard F. Upton*, of Concord, filed a memorandum on behalf of certain former governors in support of affirmative answers.

*Bamberger & Pfundstein*, of Concord (*Doanld J. Pfundstein*), and *James A. Sweeney*, of Concord, filed a memorandum on behalf of William S. Bartlett, Jr., President of the Senate, and W. Douglas Scamman, Jr., Speaker of the House of Representatives, in support of the court's declining to answer the questions or, alternatively, of negative answers.

*Stephen E. Merrill*, attorney general (*Bruce E. Mohl*, deputy attorney general, and *Jeffrey R. Howard*, associate attorney general), filed a memorandum in support of affirmative answers.