## NIKI WHITEHEAD *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF EAST HAVEN ET AL.

Superior Court, Judicial District of New Haven
File No. CV-06-4021043-S

Memorandum filed September 13, 2007

*Niki Whitehead,* pro se, the plaintiff.

*Gesmonde, Pietrosimone & Sgrignari, LLC,* and *William Cote,* for the named defendant et al.

CORRADINO, J. In this case, the plaintiff, Niki Whitehead, has filed an administrative appeal. She had previously intervened in an application for resubdivision approval by a real estate development company. The basis of the intervention was General Statutes § 22a-19 of the Environmental Protection Act of 1971, General Statutes § 22a-14 et seq. In denying a previously filed motion to dismiss, the court held that a person who intervenes in a zoning matter before a local zoning authority, by the fact of intervention, has standing to appeal from the action of that agency. In this case, the defendant planning and zoning commission of the town of East Haven approved the resubdivision application, and that approval is the subject of this appeal, which raises environmental issues.

The dispute before the court is whether a local zoning authority must provide copies of the record to an appealing party. The record was filed with the court, and the defendant commission does not contest the right of the plaintiff to make copies of the record but argues that it must be done at her own expense. The

court could find no appellate cases addressing this issue.

I

General Statutes § 8-8 (i) is the statutory section that requires a zoning authority to "transmit the record to the court. . . ." There is no mention of any requirement that the record so filed in court must be served on the other party to the action.

But the legislature must be taken to be aware of the procedural rules of the Superior Court; after all, it has provided for an appeal to the Superior Court from the action of these zoning authorities. See General Statutes § 8-8 (b). Practice Book § 14-6 provides in relevant part: "For purposes of these rules, administrative appeals are civil actions. . . ." Practice Book § 1-1 (a) provides in relevant part that "[t]he rules for the superior court govern the practice and procedure in the superior court in all civil and family actions . . . ." An administrative appeal, as noted, is a "civil action." What do our rules say about the service of pleadings and documents on other parties?

Practice Book § 7-6 provides in relevant part: "No document in any case shall be filed by the clerk unless it has been signed by counsel or a pro se party and contains the title of the case to which it belongs, the docket number assigned to it by the clerk and the nature of the document. The document shall contain a certification of service in accordance with Sections 10-12 through 10-17 . . . ."

Practice Book § 10-12 (a) provides in relevant part: "It is the responsibility of counsel or a pro se party filing the same to serve on each other party who has appeared one copy of every pleading subsequent to the original complaint, every written motion other than one in which an order is sought ex parte and every paper

relating to discovery, request, demand, claim, notice or similar paper. . . ."

As Wesley W. Horton and Kimberly A. Knox note in their commentary to Practice Book § 10-12: "The clear purpose of this section is to ensure that all appearing counsel will receive copies of all court papers other than those in which an ex parte order is sought." W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Rules (2007 Ed.) § 10-12, authors' comments, p. 455 (the purpose would also extend to providing pro se parties with such court papers). Of course, no provision is made that the party entitled to such "papers" pay for their copying.

The question then becomes: does the fact that § 8-8 (i) only requires the zoning authority to transmit a copy of the record to the court mean that this statutory subsection precludes the obligation that the defendant zoning authority would otherwise have under our rules of practice to send copies of the record to counsel and pro se parties without charge?

II

It is certainly true that in at least certain well defined situations the legislature can modify the procedural rules of the court. In *Fishman* v. *Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985), the defendant insurance company argued that General Statutes § 52-410 (c) violated the constitutional doctrine of separation of powers. The statute provides an action to compel arbitration. It provides for "a truncated pleading procedure and timetable, including an answer within five days of the return day." Id., 352. Justice Borden, writing for the court, had the following to say: "Because of the broad language used by our Supreme Court in other contexts indicating that the legislature has no

power to make rules of administration, practice or procedure which are binding on . . . constitutional courts; *Adams* v. *Rubinow*, 157 Conn. 150, 156, 251 A.2d 49 (1968); see also *State* v. *Clemente*, [166 Conn. 501, 507, 353 A.2d 723 (1974)]; *State ex rel. Kelman* v. *Schaffer*, 161 Conn. 522, 529, 290 A.2d 327 (1971); we recognize that a superficial view of the statute could lead to a conclusion of unconstitutionality. We are also aware, however, that grave constitutional questions cannot be so easily solved. The rule of separation of governmental powers cannot always be rigidly applied. *Matter of Rosenthal* v. *McGoldrick*, 280 N.Y. 11, 14, 19 N.E.2d 660 [1939]; 20 Am. Jur. [2d] 432, Courts, § 65 [1965]. *Adams* v. *Rubinow*, supra, 155. There are activities in which both the legislature and the judiciary may engage without violating the prohibitions of the constitution. *State* v. *Clemente*, supra, 510." (Internal quotation marks omitted.) *Fishman* v. *Middlesex Mutual Assurance Co.*, supra, 353–54.

Relying on these observations, the court referred to earlier case law, including *Atwood* v. *Buckingham*, 78 Conn. 423, 62 A. 616 (1905), and upheld the constitutionality of § 52-410: "These cases stand for the proposition that where public policy, as perceived by the legislature, requires a simple and prompt proceeding in order to implement parties' rights, the legislature is not prohibited by the constitution from creating a statutory proceeding which provides for that simplicity and promptness, and which, in order to insure simplicity and promptness, enacts as part and parcel of the statutory proceeding certain minimal procedural incidents. In such a case, the legislature is acting within its historic and traditional function of defining rights and prescribing remedies. *Atwood* v. *Buckingham*, supra. We conclude that General Statutes § 52-410 falls within that category of statutes." *Fishman* v. *Middlesex Mutual Assurance Co.*, supra, 4 Conn. App. 356.

Here, the *Fishman* scenario is not before the court. There is nothing in the language of § 8-8 (i) that explicitly indicates that filing the record with the court was intended to be the only requirement placed on zoning authorities regarding service or that, having authorized appeals to the Superior Court, the legislature intended that the courts' normal procedural rules as to service were not to be operative. It would be difficult to see what rational legislative purpose could be behind such an objective. The legislature simply wanted to make sure that within as short a time as possible, the record would be filed in court; the court on appeal will have to have the record before it to decide the appeal and decide motions that come before it such as, for example, motions to supplement the record.[1]

The court believes the record should be turned over to the plaintiff without cost to her.

Robert A. Fuller in volume 9A of the Connecticut Practice Series, "Land Use Law and Practice, agrees with the court's position at § 28.7 and states: "A few municipalities attempt to charge the appellant's attorney with the photocopying costs of the documents which are filed as the return of record, or refuse to supply a copy until that expense is paid. This is illegal, since the return of record is filed in the Superior Court, and the Practice Book always requires copies of documents to be sent to all counsel with no provision for charging for them. If faced with such a request, plaintiff's counsel should demand and refuse to pay for a copy of the record, and file a motion in the Superior

---

[1] In a republican governmental system, with separate branches, there should be a reluctance to find that there is an executive or legislative intention to interfere with the usual procedural operation of the courts, at least where there is no explicitly expressed intent to do so. This avoids unnecessary conflict between the branches of government and limits the opportunity for judicial embroidery on statutes under the guise of interpreting the legislature's will.

Court if the town still insists on payment." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 28:7, p. 104.

### III

It is true that there can be practical objections to this position. The record may be voluminous or contain repetitive material. A party, such as the plaintiff, who has intervened for environmental purposes, may not need copies of the entire record or site maps to support her position. Section 8-8 (i) addresses this problem when, in the last portion, it provides in relevant part: "By stipulation of all parties to the appeal, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for additional costs. . . ." Such a stipulation envisages agreement between parties before the record is filed and reduces the record that must be submitted to the plaintiff without charge. Such a provision does not interfere with the practical operation of our rules of practice, and a court can enforce this legislative provision without doing violence to those rules.

The rules of practice, including Practice Book §§ 7-6 and 10-12, are not a straightjacket. Practice Book § 1-8 explicitly provides that the rules should be "liberally" interpreted "to facilitate business and advance justice . . . ." If a plaintiff refuses to agree to a reasonable limitation of the record that will not prejudice the appeal, it is the court's opinion that, upon motion, the zoning authority may request that it only be required to provide the plaintiff a limited portion of the record without cost.

That issue does not have to be addressed here, however, because the defendant commission has not taken the position that only a portion of the record need be provided without cost to the plaintiff. It has argued that none of the record need be so provided. With that

blanket position, the court cannot agree, and it therefore grants the plaintiff's motion requesting that the defendant commission provide the plaintiff with copies of documents in the return of record.[2]

[2] The court would comment on two other matters pertaining to this motion: (1) § 8-8 (i) provides that a motion may be made to supplement the record. See R. Fuller, supra, § 27.7. These motions often contain or attach the proposed additions to the record. If § 8-8 (i) is some sui generis creation of the legislature not bound by the procedural rules of the courts that have been designated by the legislature to handle these appeals, is the plaintiff not bound by Practice Book §§ 7-6 and 10-12, and can the plaintiff also claim that it need not give the zoning authority copies of its motion to supplement the record? (2) With the knowledge and agreement of counsel, the court at the call of the administrative appeal docket asked the defendant municipalities or zoning authorities what their policy was as to providing the record to plaintiffs. Not all towns in the judicial district were present, but those there stated that the record was provided without cost to the plaintiffs. However, one or two did state that if a large map was part of the record, the litigant would have to bear the cost of reproduction.