By the Court.
 

 The question is thus stated in the brief filed by the Attorney G-eneral on behalf of defendant :
 

 “Is a person who sells goods for another and who is compensated therefor by commissions calculated on the amount of goods sold, an employee within the meaning of the Ohio Unemployment Compensation Act, where such person is subject to no direction or control from the person for whom he sells and is not obligated to devote any time to such selling operations unless he so chooses ? ’ ’
 

 Attached to that brief are copies of “opinions” rendered by the chief of what is termed the “Legal Department” of the Bureau of. Unemployment Compensation, holding that the word “employment” is the basic term used by the Legislature to control the question of coverage and that the term was very carefully chosen by the Legislature to cover much larger latitude than either that adopted by the Social Security Act or the common-law concept of “principal and agent” or “master and servant.”
 

 The applicable statutory law is found in sub-para
 
 *497
 
 graphs D and E, paragraph c, of Section 1345-1, General Code (117 Ohio Laws, 289), which read in part as follows:
 

 “(D) Services performed by an individual for remuneration shall be deemed to be
 
 employment
 
 subject to this act unless and until it is shown to the satisfaction of the commission that — (i) such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact, and (ii) such service is outside the usual course of the business for which such service is performed, and (iii) such individual is customarily engaged in an independently established trade, occupation, profession, or business.
 

 “(E) The term employment shall not include: * * #
 

 “(7) Service performed by an individual for one or more principals who is compensated on a commission basis, and who in the performance of the work is master of his own time and efforts, and whose remuneration is wholly dependent on the amount of effort he chooses to expend.” (Italics ours.)
 

 It is the contention of the plaintiff that the relationship which existed between him and Cochran under their contract was not that of employer and employee and that the services performed by Cochran thereunder were not “employment” within the meaning of the Ohio Unemployment Compensation Act. Attached to the brief of plaintiff is an opinion of the Attorney General rendered in 1937 holding that sub-paragraph D does not qualify the services tabulated under sub-paragraph E.
 

 The Attorney General was not requested to give an opinion on the specific question involved in this proceeding. The statutory counsel of defendant having agreed in open court that the writ should issue, it will be so ordered. Attention is directed to Section 333,
 
 *498
 
 General Code, which makes the Attorney General the chief law officer for the state and all its departments.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.