HAUSWIRTH, D. B. A. HAUSWIRTH'S BAKERY, APPELLANT, *v.* BOARD OF REVIEW OF UNEMPLOYMENT COMPENSATION OF OHIO ET AL., APPELLEES.

(No. 319—Decided November 21, 1941.)

*Messrs. Devor & Devor,* for appellant.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. J. M. Woy,* for appellee.

SHERICK, J. On December 24, 1938, one Jesse W. Skelly, then employed by appellant, came to work late and in an intoxicated condition. An argument ensued

and the employee was discharged. Skelly had worked for Hauswirth for more than a year preceding his discharge. On January 4, 1939, the employee filed a claim for unemployment compensation. His claim was disallowed because of an insufficient wage record. From this order the employee appealed; and upon a hearing had on June 4, 1939, before a referee for the board of review, his claim was allowed. The referee found in substance that the appellant employer was subject to the provisions of the act and that the employee was entitled to benefits, but subject to a penalty of three weeks' loss of pay by reason of the fact that the referee found that ''the employer acted within his rights when he reprimanded claimant and was justified in discharging claimant,'' because of his being late to work, improper remarks and intoxication. Neither party was represented by counsel at this hearing.

Thereafter, on July 22, 1939, appellant, through his present counsel, in accordance with Section 1346-4, General Code (118 Ohio Laws, 35), appealed to the board of review. On August 18, a hearing was had upon the record and memorandum of testimony offered before the referee, and his decision was affirmed. In the course of the board's affirmance it found that:

''The employer does not claim to have any additional testimony pertinent to the issue and that the application for further appeal does not set forth any additional facts than those presented to the referee.''

From this order appellant, in conformity to the final paragraph of Section 1346-4, General Code, as then in force, appealed to the Court of Common Pleas of Ashland county. His amended petition, which effects such appeal, avers in part that after filing his notice of appeal to the board, his only notice in respect thereto was the board's action in not according him a hearing. He contends that this was unlawful and arbitrary. It is claimed that the referee's finding is contrary to law,

unreasonable and against the manifest weight of the evidence. It is pleaded that appellant is not an employer under the Unemployment Compensation Act. It is finally averred that the acts and amendments thereto "are arbitrary class legislation and an unreasonable exercise of police power; taking private property without due process of law; interfering with freedom of contract; conferring judicial powers; taxation for private purposes and aids and assists in breaking down the moral integrity of society as a whole, and violates the terms and conditions and is contrary to the Constitution of the state of Ohio and the United States of America."

A hearing was had in the Court of Common Pleas on this appeal petition. A one-page record was made therein which discloses that appellant's counsel tendered in evidence a bill rendered by the Bureau of Unemployment Compensation to appellant for $211.05. This sum represents the benefits for thirteen weeks awarded the employee, which the appellant is required to pay. Appellant offered to produce further evidence with respect to his other employees. The record further shows that appellant contended that the question of whether or not he was an employer was one of fact, and that he was entitled to a jury trial, which he demanded. It is recited that Skelly was not such an employee as is entitled to benefits under the law. The Court of Common Pleas refused these tenders, denied the appellant's requests and demands, and affirmed the judgment appealed from.

The employer appeals from that judgment to this court under the provisions of Section 1346-4, General Code. We are not favored with a specification of the errors assigned. We are ill-served by a brief of less than two pages on the momentous questions presented for solution. It contains only claims restated and

cites but one authority, *Bowman* v. *Atkinson, Admr.,* 136 Ohio St., 495, 26 N. E. (2d), 798, which has little to do with the matters in dispute as will hereinafter appear. We propose to consider only those matters which were advanced in oral arguments.

The sixth paragraph of Section 1346-4, General Code, recited that:

"When any claim pending before a referee is removed or transferred to the board, the board shall afford the parties reasonable opportunity for a fair hearing. The parties shall be duly notified of the board's final decision and the reasons therefor. A complete record shall be kept of each case heard before the board. All testimony of any hearing before the board, whether on appeal or otherwise, shall be taken by a reporter, but need not be transcribed unless the disputed claim is further appealed."

The last sentence of paragraph 4 of Section 1346-4, General Code, is drawn in question. It reads:

"A memorandum of testimony of any hearing before any referee shall be made and be preserved for a period of two years."

The employer complains of the fact that he was compelled to submit his cause on appeal before the board of review and the Common Pleas Court on the memorandum made by the referee, and was not allowed to introduce any additional evidence. It is said that the memorandum does not contain all of the evidence, but only such as the referee chose to embody therein. It is argued that a referee may omit positive unimpeachable evidence from or fabricate and insert evidence in his memorandum, and thereby deny one a just and fair review. It is not charged that the memorandum contained falsified evidence, but only that it does not contain all of the evidence. Appellant asserts that he was not afforded "reasonable opportunity for a fair hearing" and was denied his day in court.

If the memorandum did not contain all of the conclusive evidence, the plaintiff might have corrected that omission in his appeal to the board of review. That was not done. Just what is the purpose of the hearing before the referee? Clearly it is to ascertain two facts. Is the employer amenable to the act? And second, is the employee entitled to benefits? The proceeding is like that of an injured employee seeking a right to participate in the state industrial insurance fund when the employer has failed to comply with that law. The referee is constituted a fact-finding tribunal in just the same fashion as is an Industrial Commission examiner, whose recommendation is thereafter approved or disallowed by the Industrial Commission, and from which an appeal may be prosecuted.

When we look to the referee's transcript and examine the employer's notice of appeal therefrom, we do not find it noted therein that the memorandum is incomplete. It does not intimate that appellant desires or chooses to offer additional evidence. In fact, this paper evidenced a contentment with the facts as related by the referee, but questions his conclusion drawn therefrom to the effect that appellant's two commission salesmen were not masters of their own time, and, hence, Hauswirth was an employer within the contemplation of the act and Skelly was entitled to benefits from the unemployment fund.

There does not appear one thing in this notice of appeal that would apprise the board of review that the employer desired to submit evidence or to argue his cause. If he had so indicated, undoubtedly the board would have "afforded" him an "opportunity for a fair hearing." He could then have perfected his record and procured a "complete record" for review in the Court of Common Pleas. The transcript does not disclose. that any inquiry was directed by appellant to the board

of review. There is nothing but complete silence. It is our judgment, upon this phase of the case, that appellant has failed to exercise any degree of diligence to protect his rights in proper season, and he was properly denied the privilege of introducing further evidence in his review before the Common Pleas Court.

Are the conclusions of the referee, the board of review, and the Common Pleas Court wrong upon the facts in evidence? We think not. The facts herein are unlike those appearing in the *Bowman case, supra,* upon which appellant relies. In the present case the two commission salesmen of baked goods must work diligently while their products are fresh or else their sales would soon cease. An old adage exemplifies their employment exactly. They must ''strike while the iron is hot.'' They were not masters of their own time.

The appellant maintains that the matters in issue are of mixed law and fact, and hence were triable to a jury, without which he has been denied his constitutional guaranty of due process. This cannot be true. Our answer is found in part in 12 American Jurisprudence, 311, Section 619, wherein it points out the well settled understanding that the Seventh Amendment to the federal Constitution ''relates only to trials in the courts of the United States.'' The text goes on to say:

''The states, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way. The due process clause does not imply that all trials in the state courts affecting the personal or property rights must be by jury. Under constitutional provisions the right of trial by jury is preserved inviolate only as to the classes of cases in which that right was enjoyed before the adoption of the Constitution. In all other cases the Legislature may provide for a hearing or trial without a jury. Accord-

ingly, aside from the well-known practice of purely equity courts, in which no right to jury trial exists, except as it may be granted by statute, such trials may be properly denied in certain proceedings of a summary nature or in purely statutory actions or proceedings * * *.''

Section 5, Article I of the state Constitution, places no such restriction upon the Legislature. It does not provide for a jury trial in this, a strictly statutory proceeding. Therefore none is demandable. In *Mulhausen* v. *Bates, Commr.,* 9 Wash. (2d), 264, 114 P. (2d), 995, the jurisdiction of the Unemployment Compensation Division was invoked by the employee. He had been discharged because he had misappropriated his employer's funds. The division had to determine if Mulhausen was an employer subject to the act. Unless he was, the employee was not entitled to benefits. The court held: ''The determination of that fact, however, was merely an incident to the decision of the basic issue: whether Farmer (the employee) was entitled to benefits under the act.'' To our notion, this is full answer to the employer's complaint that the referee usurped unwarranted powers, not specifically granted by our act, in determining that Hauswirth was an employer in accordance with the terms of the Ohio act. In the *Mulhausen case, supra,* the court proceeded to say further: ''In this proceeding, there was no ground for the entry of an order affecting the rights of Mulhausen.''

Appellant strenuously argued orally that the statement rendered him for $211.05 is an attempt by the bureau to collect an unjust tax, arbitrarily entered against him by the bureau. This sum represents the benefits found due the employee. It is urged that, after it was found that the employer had just cause for discharging Skelly, an attempt to collect this charge is a confiscatory measure; and that that portion of Sec-

tion 1345-4(c) (1), General Code (117 Ohio Laws, 294), which provides that "benefits paid to an eligible individual shall be charged against the account of his most recent employers," is unconstitutional and void in his case. This presents a most interesting question, but it is not one to be answered in this proceeding. The appellee correctly points out that this is not a proceeding to collect a tax or to enforce contribution from the employer. That question may be made when the issue arises. It is not presented by the employer's petition for review.

It follows that the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.