Hillsborough, Mar. 4, 1947. June 3, 1947. } No. 3623.

### JOSEPHINE S. HALLAHAN & a.

*v.*

### WILLIAM H. RILEY, *Commissioner of Labor.*

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the plaintiffs.

*F. Maurice LaForce* (by brief and orally), for the defendant.

KENISON, J.   The sole question presented is whether the plaintiffs are entitled to a trial by jury in their appeal to the Superior Court from a decision of the Appeal Tribunal of the Unemployment Compensation Division.   R. L., c. 218, s. 5, *par.* G provides that "any party aggrieved by any decision of fact in proceedings under the provisions of this chapter may, after exhaustion of other administrative remedies provided herein, and within ten days after such decision, appeal to the superior court in the same manner as parties aggrieved by the decision of fact of a municipal court."   Since the statute does not expressly provide for trial by jury, plaintiffs can prevail only if it can be fairly implied or it is required by virtue of the state constitution.

The constitutional guaranty of trial by jury (N. H. Const. *part* 1, *art.* 20) in civil matters is determined generally by the historical test of its use at common law.   "The extent of the right to trial by jury is settled by ascertaining how it was 'used and practiced' before 1784."   *Douglas* v. *Company,* 81 N. H. 371, 374.   Partly as a result of this test, and at times independently thereof, it has been decided

that a guaranty of trial by jury cannot be invoked in special, statutory or summary proceedings unknown to the common law. *Wooster* v. *Plymouth*, 62 N. H. 193, 203, 206; *Davis* v. *Dyer*, 62 N. H. 231, 235; *Wilder* v. *Kneeland, ante*, 185. Note, Application of Constitutional Guarantees of Jury Trial to the Administrative Process, 56 Harv. L. Rev. 282. Accordingly, unemployment compensation disputes in the twentieth century have been held to be outside the ambit of this constitutional provision. We know of no decision to the contrary. *Hauswirth* v. *Board of Review*, 69 Ohio App. 79; *Unemployment Compensation Com.* v. *Willis*, 219 N. C. 709; *Ex parte Miles*, 248 Ala. 386.

The procedure for filing and obtaining unemployment compensation benefits is comprehensive and designed to facilitate a simple and speedy determination of benefit claims. R. L., *c.* 218, *s.* 5. Paragraph A provides that the regulations for filing benefit claims shall be "readily accessible" and "available" to employees "without cost" to them or their employer. Paragraph B requires a deputy of the Unemployment Compensation Division to "promptly" examine the claims and "promptly" notify the claimant of the result. If a mistake has been made the deputy may reconsider and again "promptly" notify the claimant. Paragraphs C, D, E and F allow the claimant to appeal any unfavorable decision to an impartial Appeal Tribunal, one "of whom shall be a representative of employees." The procedure before this tribunal is informal, "although a full and complete record" is kept of the proceedings. The disputed claim is determined according to regulations which do not have to "conform to common law or statutory rules of evidence and other technical rules of procedure." Thereafter and finally the claimant may appeal to the Superior Court on questions of fact and to this court on questions of law.

This elaborate procedure for administrative and judicial review provided by the statute militates against any implication of a trial by jury. While the Unemployment Compensation statutes vary in the different jurisdictions they all have the common feature of providing that administrative appeals shall be simple, prompt and non-legalistic. Likewise in court appeals the judicial review provided appears to have excluded a jury trial. See Silverstone, Administration of Unemployment Compensation, 55 Yale L. J. 205, 209, 212. It is our conclusion that in appeals to the Superior Court on questions of fact, the appellants are not entitled to a trial by jury.

This case does not raise the extent of and limitations on the appeal to the Superior Court except as discussed above. No opinion is

expressed concerning the right of the plaintiffs to such an appeal after the previous transfer from the Appeal Tribunal to this court.

*Case discharged.*

All concurred.

ON REHEARING. After the foregoing opinion was filed, the parties jointly moved for a rehearing in which it was requested that, in order to save time and expense, the court rule on the question expressly left open in the last sentence of the opinion. The motion for rehearing was granted and arguments invited on the right of the plaintiffs to a trial on the facts by the Superior Court without a jury after the previous transfer from the Appeal Tribunal to this court.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the plaintiffs.

*F. Maurice LaForce* (orally), for the defendant.

KENISON, J. The controlling statute (R. L., *c.* 218, *s.* 5, *par.* G) reads in full as follows: "APPEAL TO COURTS. Any party aggrieved by any decision of fact in proceedings under the provisions of this chapter may, after exhaustion of other administrative remedies provided herein, and within ten days after such decision, appeal to the superior court in the same manner as parties aggrieved by the decision of fact of a municipal court. Any party aggrieved by any ruling of law in any proceeding hereunder, having excepted thereto, may file his exceptions with the commissioner within ten days after decision of the appeal tribunal, and the same shall be allowed by the commissioner so far as conformable to the facts. Thereupon the case shall be transferred to the supreme court as in actions at law. The commissioner may of his own motion transfer to the supreme court any question of law arising in the administration of this chapter. A petition for judicial review shall not act as a supersedeas or stay unless the commissioner shall so order. Upon the final determination of such judicial proceeding, the commissioner shall enter an order in accordance with such determination."

By its express terms the quoted statute permits an appeal to the Superior Court on "any decision of fact" and to the Supreme Court on "any ruling of law." These two appeals are cumulative and not

alternative; the pursuit of one is not an election to waive the other. Defendant's argument that the previous transfer to this court (*Hallahan* v. *Riley*, *ante*, 48), constitutes an election by the plaintiffs to waive the right to appeal to the Superior Court on decisions of facts is rejected for several reasons. First, it is contrary to the elementary rule that appeal statutes are liberally construed so as to maintain the right and doubts are resolved in favor of the right to appeal. 3 Sutherland, Statutory Construction (3d *ed.*) *s.* 6807; 4 C. J. S. *s.* 18; Crawford, Statutory Construction (1940) *s.* 336; 2 Am. Jur., Appeal & Error, *s.* 7; *Cf. Wilder* v. *Kneeland*, *ante*, 185. Secondly, to read into the statute a waiver or election would be contrary to the doctrine of election of remedies as limited in this state in the recent case of *Ricker* v. *Mathews*, *ante*, 313. Thirdly, it is not the function of the judiciary to construe this statute in a restrictive and retroactive manner when the Legislature at the present session deemed it advisable to amend it only prospectively. Laws 1947, *c.* 59, *s.* 15.

The plaintiffs are now entitled to a trial on the facts by the Superior Court sitting without a jury.

*Case discharged.*

All concurred.
June 3, 1947.