Strafford,
May 5, 1953. }   No. 4201.

Armand J. Larochelle & a., *Ex'rs*

*v.*

Edward J. Birch & a., *Ap'ts.*

*McCabe & Fisher* and *Paul B. Urion* (*Mr. Urion* orally), for the executors.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the appellants.

DUNCAN, J. The timeliness of the appeal is to be determined by the date of filing of the appeal rather than the date of execution. The applicable statute requires that the appeal "be claimed within sixty days from the time of making such decision, and not after, in writing, signed by the party appealing or his attorney . . . ." R. L., c. 365, s. 2. The executors contend that this requirement was not met. In support of their contention they urged that R. L., c. 7, s. 34, providing in part that: "When time is to be reckoned from . . . the time of an act done . . . the day when such act is done shall not be included in the computation," should not be applied, because "such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the . . . statute" construed. R. L., c. 7, s. 1.

In *Clough* v. *Wilton*, 79 N. H. 66, the probate appeal statute was construed, and the rule established by what is now R. L., *c.* 7, *s.* 34, applied. By this rule, the day of "making such decision" was not counted, and it was held that the Legislature could not have intended that the day of filing the appeal should likewise be excluded. The appeal then before the court was accordingly held to have been filed too late.

Since that decision the statutes involved have twice been reenacted without change. We see no present doubt concerning the applicability of R. L., *c.* 7, *s.* 34. The appeal was seasonably filed.

R. L., *c.* 365, *s.* 3, requires that the "person appealing shall give bond" conditioned as there provided. Only one of the four appellants, namely, Raymond C. Pike, has complied. Perfection of the appeal requires that the bond be filed within the time limited for the appeal. *Broderick* v. *Smith*, 92 N. H. 33. The fact that the appeal and the bond bore the date of a legal holiday did not invalidate them (see 40 C. J. S., Holidays, *s.* 5; *cf.* R. L., *c.* 348, *s.* 11), particularly since they became effective when filed, on the following day. *Cf.* Restatement, Contracts, *s.* 538, *comment* a; *Lawrence* v. *Farwell*, 86 N. H. 59, 62, and cases cited. The bond was sufficient although executed by a single surety (*Dane* v. *Dane*, 67 N. H. 552) and it was seasonably filed. As to the appeal of Raymond C. Pike the executors' motion was properly denied.

The remaining appellants seasonably claimed their appeal, but failed to file a bond or bonds as required by R. L., *c.* 365, *s.* 3, *supra.* Since we understand from the statement of counsel for the executors made at the arguments that they waive their exceptions as to these appellants if the appeal was seasonably filed and the bond met the requirements of the statute as to Pike's appeal, the order is

*Exception overruled.*

All concurred.