Hillsborough,
No. 5503.

WILLIAM ARMSTRONG HUNTER

*v.*

STATE.

Argued June 7, 1966.
Decided August 31, 1966.

*Charles J. Lincoln* ( by brief and orally ), for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* ( *Mr. Riley* orally ), for the defendant.

WHEELER, J. This case arises out of an appeal to the Superior Court from an administrative decision of the Commissioner of Employment Security under the provisions of RSA 282:6-F( 3 ) ( supp ). The defendant filed a motion to dismiss on the ground that plaintiff's appeal, filed in the Superior Court on March 2, 1965, was not filed within the ten days allowed for appeal under the provisions of RSA 282:6-F( 4 ) ( supp ). The motion to dismiss was denied. Subsequently the defendant filed another motion to set aside and vacate the Court's order denying the motion to dismiss. This motion was likewise denied. The defendant's bill of exceptions was allowed and transferred by *Loughlin,* J.

The only issue presented here for determination is whether the plaintiff's appeal was timely filed as required by RSA 282:6-F ( 4 ) ( supp ) which so far as material provides: "The commissioner's decision on said appeal shall be final and conclusive as to the liability of the employing unit and/or employer, *unless within ten ( 10 ) days after the date of mailing of such decision* the employing unit and/or employer files an appeal with the clerk of the superior court for Merrimack County or that county of this state in which the employing unit and/or employer has his

principal place of business." (Emphasis supplied).

The pertinent facts are not in dispute. By letter dated February 18, 1965 mailed to the plaintiff, defendant enclosed a copy of the decision of the Commissioner and advised him that he had lost his appeal and had ten days from the date of the letter to appeal to the Superior Court. The plaintiff received this letter on February 19, 1965. Thereafter the plaintiff by letter dated February 28, 1965 notified the clerk of the Superior Court of his intention to appeal the Commissioner's decision. This letter was mailed on March 1, 1965 and received by the clerk on March 2, 1965. It is conceded that under the provisions of RSA 21:35 ("Time, How Reckoned") February 28th would be the last day "within ten (10) days after" February 18, 1965.

At the time of the hearing on the motion to dismiss State's counsel stated to the Court: "The State will admit that since the tenth day for filing fell on a Sunday, the time could be extended to the next day, March 1st."

The plaintiff by letter dated February 28, but placed in the mails on Monday, March 1, notified the clerk of the Superior Court of his intention to appeal the decision of the Commissioner. The letter was received at the clerk's office on March 2. Under the circumstances here the plaintiff's appeal was not timely taken. See *Alden* v. *Kimball*, 104 N. H. 454; *Cf. H I K Corporation* v. *Manchester*, 103 N. H. 378, 381.

The order is

*Exceptions sustained; judgment for the defendant.*

All concurred.