Hillsborough,
No. 5527.

### JOHN J. RAFFERTY

*v.*

### THE STATE OF NEW HAMPSHIRE,
### DEPARTMENT OF EMPLOYMENT SECURITY &a.

Argued September 7, 1966.
Decided September 30, 1966.

*Manning and Sullivan* ( *Mr. James A. Manning*, orally ) for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* ( *Mr. Riley*, orally ) for the defendant department.

*McLane, Carleton, Graf, Greene &Brown* for the defendant, New Hampshire Trotting and Breeding Association, filed no brief.

KENISON, C. J. This case is an appeal to the Superior Court from an administrative decision of the Commissioner denying plaintiff's request to reopen the case following an adverse decision of the appeal tribunal. The facts are not in dispute. The defendants moved to dismiss the appeal on the ground that it was not filed within the ten days allowed for appeal under the provisions of RSA 282:5 G( 2 ) and ( 3 ) ( supp ). The defendants' motion to dismiss was denied and their exceptions were reserved and transferred by *Loughlin*, J.

Pursuant to RSA 282:5E( 2 ), the defendant Commissioner on Wednesday, January 12, 1966, sent by registered mail to the plaintiff a determination denying his request for reopening the

decision of the appeal tribunal denying plaintiff unemployment compensation benefits. This determination was received by the plaintiff on Thursday, January 13, 1966. On Friday, January 21, 1966, the plaintiff, through his attorney, placed an appeal in a United States Post Office mailbox at Victory Park, Manchester, New Hampshire, at 5:00 P. M. for mailing to the office of the clerk of court for Hillsborough county at Nashua, New Hampshire. The office of the clerk is closed for the transaction of business on Saturdays and was so closed on Saturday, January 22, 1966. The appeal was noted as filed in the clerk's office on Monday, January 24, 1966.

Under the provisions of RSA 282:5G( 2 ) ( supp ) an appeal from denial of a request for reopening a case must be " within ten days after the date of mailing of" the decision of the Commissioner. The " appeal shall be perfected by filing a petition with the clerk of said Superior Court. . . . " ( RSA 282:5G( 3 ) ( supp ) ) within the time limits specified in section 5G( 2 ) of the statute.

The sole issue in this case is whether the plaintiff's appeal was timely filed as required by the statutes. See Broden, Law of Social Security and Unemployment Insurance, s. 7.33 ( 1962 ). It is sometimes stated that the time limits in the unemployment compensation statutes are mandatory, absolute, and failure to comply with them deprives the courts of jurisdiction. *Appeal of Oteri*, 372 Pa. 557. If this states the general rule, it is subject to some qualification. In *Pomponio* v. *State*, 106 N. H. 273, the appeal was not timely and not within the ten-day limit, and yet the appeal was allowed because the administrative directions to the plaintiff were not clear and did not comply with the department's own regulation. In the present case we do not have any similar situation.

The appeal in this case was received in the office of the clerk on the twelfth calendar day following the day of mailing of the Commissioner's determination. Such a filing of appeal is untimely ( *Hunter* v. *State*, 107 N. H. 365 ) unless it can be said that the mailing on Friday constitutes a filing of the appeal on that date. We have recognized that appeals in unemployment compensation cases should be simple, prompt and nonlegalistic ( *Hallahan* v. *Riley*, 94 N. H. 338, 340 ) but at the same time we have followed the dictates of the statute where they are clear and unambiguous ( *Hunter* v. *State, supra* ). In the present case the statute requires

that the "appeal shall be perfected by filing a petition with the clerk of said Superior Court" within the ten-day limit. RSA 282:5 G(2) and (3) (supp). This limit was not complied with when the appeal was received in the clerk's office on the twelfth day. RSA 21:35; *Larochelle* v. *Birch*, 98 N. H. 190. See *Alden* v. *Kimball*, 104 N. H. 454.

The court is not oblivious to the wise observation of Mr. Justice *Holmes* "that the machinery of government would not work if it were not allowed a little play in its joints." *Bain Peanut Co.* v. *Pinson*, 282 U. S. 499, 501. A good argument can be made on behalf of the plaintiff that a little play in the joints would encourage a nonlegalistic approach to the process of appeals in unemployment compensation cases. However, neither the Legislature in enacting the unemployment compensation statute nor the department in promulgating its regulations have allowed for this flexibility. Clearly this is a matter that is within their power and competence, and we do not feel free to rewrite the statute or the administrative regulations. *Hunter* v. *State* 107 N. H. 365. We are constrained to hold that the plaintiff's appeal does not comply with the statute and was not timely filed. *Cf. Collier* v. *United States*, 384 U. S. 59, 61 (1966).

The order is

> *Defendants' exceptions sustained;*
> *judgment for the defendants.*

All concurred.