Hillsborough
No. 6760

GAIL C. AYOTTE

v.

DEPARTMENT OF EMPLOYMENT SECURITY,
BENJAMIN C. ADAMS, COMMISSIONER

February 28, 1974

*New Hampshire Legal Assistance (Mr. Bruce E. Friedman),* by brief and orally, for the plaintiff.

*Edward F. Smith, Joseph Stewart* and *Andre J. Barbeau (Mr. Stewart* orally) for the New Hampshire Department of Employment Security.

KENISON, C.J. The sole issue in this case is whether the plaintiff's appeal was timely filed as required by the statutes. An appeal was filed by the plaintiff to the superior court following an adverse decision by the appeal tribunal of the department of employment security. The defendants moved to dismiss the appeal on the grounds that it was not filed within the ten days allowed for appeal under the provisions of RSA 282:5-G (1) and (3). RSA 282:5-G (1) reads that "Any interested party aggrieved by any decision of an appeal tribunal in proceedings under this chapter

may, within ten days after the date of mailing of such decision, appeal therefrom to the superior court in the manner provided in paragraph (3) of this subsection." Paragraph (3) provides that "The appeal shall be perfected by filing a petition with the clerk of said superior court within the time limits specified in [paragraph] (1) . . . ." The motion to dismiss was granted subject to the plaintiff's exception, and all questions of law relating thereto were reserved and transferred by *Bois*, J.

The basic facts are not in dispute. On May 8, 1973, the legislature amended the time limit of RSA 282:5-G(1) to thirty days, effective July 7, 1973. Laws 1973, 119:1. Prior to this effective date, on Tuesday, June 5, 1973, the defendant commissioner sent to the plaintiff by registered mail the decision of the appeal tribunal denying her unemployment compensation benefits. Eight days later, on Wednesday, June 13, 1973, the plaintiff signed a petition requesting a hearing de novo in the superior court. The next day the plaintiff, through her attorney, mailed the petition to the superior court from a mailbox in front of the Manchester Post Office at approximately 5:00 p.m. Although the Post Office is only two blocks from the Hillsborough County Superior Court, the petition was received and filed by the clerk of the court on Monday, June 18, 1973, thirteen days after the department decision was mailed. On July 6, 1973, the legislature again amended the time limit to fifteen days, effective September 10, 1973. Laws 1973, 589:6.

The plaintiff contends that the presiding judge erred in granting the motion to dismiss because the amended statutory limit was by nature remedial and should have been applied retrospectively to actions pending at the time it came into effect. In the alternative, she asserts that a strict adherence to the ten-day limit, where she had mailed the petition on the ninth day on the assumption that it would be delivered on the tenth day, would defeat the policy of law to encourage the adjudication of cases on the merits. The defendants, on the other hand, take the position that the plaintiff failed to meet the requirements of the law as it existed at the time the petition was filed and cannot claim the benefit of the subsequent amendment.

We have found nothing in the legislative history of the amendments to the appeal section (RSA 282:5-G(1) (Supp. 1973)) which would indicate that the amendments were to take effect at any other time than the effective date stated therein. Neither is this case like *Pomponio v. State*, 106 N.H. 273, 209 A.2d 733 (1965), where administrative directions to the claimant were not clear and the appeal was allowed for that reason, even though the time limit was not met. We conclude that this case is governed by *Rafferty v. State*, 107 N.H. 387, 388-89, 222 A.2d 823, 824 (1966): "The appeal in this case was received in the office of the clerk on the twelfth calendar day following the day of mailing of the Commissioner's determination. Such a filing of appeal is untimely (*Hunter v. State*, 107 N.H. 365 [222 A.2d 214 (1966)]) unless it can be said that the mailing on Friday constitutes a filing of the appeal on that date. We have recognized that appeals in unemployment compensation cases should be simple, prompt and nonlegalistic (*Hallahan v. Riley*, 94 N.H. 338, 340 [53 A.2d 431 (1947)]) but at the same time we have followed the dictates of the statute where they are clear and unambiguous (*Hunter v. State supra*). In the present case the statute requires that the 'appeal shall be perfected by filing a petition with the clerk of said Superior Court' within the ten day limit. RSA 282:5-G (2) and (3) (supp). This limit was not complied with when the appeal was received in the clerk's office on the twelfth day. RSA 21:35; *Larochelle v. Birch*, 98 N.H. 190 [96 A.2d 573 (1953)]. *See Alden v. Kimball*, 104 N.H. 454 [189 A.2d 494 (1963)]."

*Plaintiff's exception overruled;*
*judgment for the defendant.*

All concurred.