Strafford
No. 7628

ALICE M. TOWERS

v.

DEPARTMENT OF EMPLOYMENT SECURITY
CONTINENTAL SHOE COMPANY
AND
SOUTH BERWICK SHOE COMPANY

July 25, 1977

*Alan J. Cronheim, Emmanuel Krasner, Raymond J. Kelly,* and New Hampshire Legal Assistance (*Mr. Cronheim* orally), for the plaintiff.

*Edward F. Smith, Robert L. Hermann, Jr., Andre J. Barbeau, Michael M. Black, Paul V. Kenneally,* and *Lonnie E. Siel* (*Mr. Her-*

*mann, Jr.,* orally), for the New Hampshire Department of Employment Security.

BOIS, J. Plaintiff was last employed by Continental Shoe Company on September 27, 1974. Upon plaintiff's application, the department of employment security had paid unemployment benefits from the week ending October 5, 1974, through the week ending September 20, 1975. Plaintiff was next scheduled to register for benefits on Tuesday, September 30, but because of her son's involvement in a serious automobile accident missed this registration day. During the period from October 3, to October 8, plaintiff was in Maine visiting her injured son, and she thus was unable to appear for an October 6 job interview scheduled by the department. (On her return to New Hampshire she telephoned the employer; however, feeling the job was not suitable, she did not arrange a personal interview.) On October 14, she went to the department office to file a late claim for the week ending September 27, and to register for benefits commencing October 12, 1975. On October 15, 1975, benefits were denied based on her alleged (1) failure to accept suitable work, (2) lack of genuine attachment to the labor market and (3) inability to provide sufficient grounds justifying a delay in filing for the week ending September 27, 1975. It is noted she did not claim benefits for the week ending October 11, 1975, the week she had been referred to potential employment.

Timely resort to the appeal tribunal was had. On November 17, 1975, the original decision of the commissioner was affirmed. Plaintiff continued to regularly register for benefits and reaffirmed her availability for employment. On December 8, 1975, the commissioner's office received a letter postmarked December 5 from plaintiff requesting a reopening of the case. Reopening was denied on the grounds that:

> I find no basis . . . which would permit me to reopen . . .
> on any of the three grounds set forth by the statute as
> fraud, mistake or newly discovered evidence.

Plaintiff then appealed to the superior court which found the administrative decision "unreasonable" and in addition thereto ordered the payment of benefits. The department of employment security excepted and all questions of law raised were reserved and transferred by *Mullavey, J.*

Although the parties address the merits of the administrative decision, we are presented with a threshold question as to the

scope of the attack which plaintiff may properly mount. This question arises from the fact that plaintiff's request for reopening, while filed within ninety days of the appeal tribunal decision (and so timely filed in its own right. RSA 282:5 E(1)), was admittedly made later than the fifteenth day following the decision. *See* RSA 282:5 G(2) (Supp. 1975). The department contends that plaintiff's failure to make the request for reopening within fifteen days precludes her from attacking the merits of the original decision in her subsequent appeal from the denial of the reopening. It maintains that plaintiff is limited to appealing the propriety of the failure to reopen (a much narrower issue). Plaintiff disagrees with this interpretation of the statute.

In order to understand and assess the merits of the department's contention, it is necessary to review in some detail the statutorily prescribed appeal procedure. RSA 282:5.

The initial determination of claims is made by a certifying officer, who is either the commissioner or an authorized representative. RSA 282:5 B(2). Appeal from an adverse decision of a certifying officer may be made "to an impartial tribunal appointed by the commissioner." RSA 282:5 C(1) (Supp. 1975). The tribunal hears the matter de novo and is not bound by "prior findings or determinations of the department." RSA 282:5 C(4).

After the tribunal has rendered a decision, any interested party has ninety days within which to request the reopening of that decision "on the basis of fraud, mistake, or newly discovered evidence." RSA 282:5 E(1). If the case is reopened, any further hearing "shall be limited to the introduction of evidence or argument relative to and concerning the factors which constitute the basis or grounds for the reopening." RSA 282:5 E(2).

The crucial subsection of the statute for our purposes is RSA 282:5 G, entitled "Appeals to Court." Under paragraph (1) (Supp. 1975) of this subsection "[a]ny interested party aggrieved by any decision of an appeal tribunal in proceedings under this chapter may, within 15 days after the date of mailing of such decision appeal . . . to the superior court in the manner provided in paragraph (3) of this subsection." (Paragraph 3, in turn, provides that "[t]he superior court shall hear the case de novo.") Paragraph (2) (Supp. 1975) encompasses the situation where an aggrieved party requests the commissioner to direct the appeal tribunal "to reopen the case and hold a further hearing to reconsider the case on the grounds of fraud, mistake, or newly discovered evi-

dence. . . ."; it provides that if this request is made *within fifteen days* of the appeal tribunal's initial determination and is later denied, then within fifteen days of the denial a "paragraph 3 appeal" (*i.e.,* a de novo appeal to the superior court) may be taken. The plaintiff admittedly has not proceeded under either paragraph (1) or (2).

We now consider paragraph (4) (Supp. 1975) which deals with the remaining situation of an aggrieved party who (as here) moves to reopen outside the fifteen-day period but within the maximum ninety-day period allowed by RSA 282:5 E(1). This paragraph provides:

> Any interested party aggrieved by any decision of an appeal tribunal . . . who fails within the 15 day period after the date of mailing of such decision, for whatever reason, either to request the commissioner to direct a reopening for the purpose of reconsidering the case on the grounds of fraud, mistake, or newly discovered evidence, or to appeal to superior court under paragraph (1) above, but who at some subsequent time within the 90 days allowed in subsection E of this section requests the commissioner to direct such reopening, may, within 15 days after the date of mailing of the decision of the commissioner which finally refuses the request for reopening of the case, appeal therefrom to the superior court. . . . Judicial review by said superior court under this paragraph shall be confined to whether or not *the commissioner's decision* was the result of arbitrary, unreasonable or capricious action, or contrary to law. The appeal under this paragraph shall be perfected by filing a petition with the clerk of said superior court within the time limit above specified, and the petition must set forth specifically the grounds on which it is alleged that the *action of the commissioner* was arbitrary, unreasonable or capricious, or contrary to law. . . ." (Emphasis added.)

As noted previously, plaintiff contends that in an appeal pursuant to paragraph (4) (Supp. 1975) the court reviews whether the *appeal tribunal determination denying a claimant benefits* was arbitrary, capricious, unreasonable or made contrary to law. The department contends that review in this instance is limited to whether the decision of the commissioner denying the request for

a reopening was arbitrary, capricious, unreasonable or made contrary to law.

■ We think a clear resolution of this dispute is provided by the statute itself. Paragraph (4) (Supp. 1975) clearly distinguishes between the decision of the appeal tribunal on the merits and the "decision of the commissioner which finally refuses the request for reopening of the case." The appeal authorized is expressly stated to be an appeal "from" the commissioner's decision refusing the request for a reopening, and judicial review is expressly confined to whether "the commissioner's decision" was arbitrary, unreasonable, capricious or contrary to law.

This plain wording of the paragraph is thus contrary to plaintiff's assertion that it authorizes a review of the merits of the original decision.

■ Moreover, contrary to plaintiff's arguments, we do not find this literal reading of the statute to produce an illogical result. The various provisions of RSA 282:5 indicate a legislative scheme whereby de novo review of the administrative decision may be obtained if the aggrieved party takes action within fifteen days (even if that action is limited to an initial request for a reopening). If an aggrieved party fails to act within fifteen days, it was quite clearly the intention of the legislature to insulate the merits of the administrative decision from review, barring a determination by the commissioner that the integrity of the original decision has been impaired by the discovery of fraud, mistake or newly discovered evidence. There is nothing illogical in this scheme. Indeed it facilitates "a single and speedy determination of benefit claims." *See Hallahan v. Riley*, 94 N.H. 338, 340, 53 A.2d 431, 432 (1947); *Ayotte v. Department of Employ. Security*, 114 N.H. 147, 317 A.2d 16 (1974).

Further, we note that there is nothing unusual in legislation which distinguishes, for purposes of appeal, between the merits of an administrative decision and the denial of a reopening of that decision. We observed in the related context of appeal procedure from the board of taxation:

> The board's abatement ruling is, of course, analytically distinct from its decision whether to rehear a case. . . . [W]e will adhere to this distinction by not considering . . . the propriety of the abatement decision in an appeal from a denial of a rehearing.

*Demoulas v. Salem,* 116 N.H. 775, 779, 367 A.2d 588, 591–92 (1976).

In an attempt to discount the plain wording of the statute, plaintiff relies on RSA 282:5 C(6), which specifies the procedures which the appeal tribunal must follow in rendering its decisions. Reliance is placed on the provision that "[t]he decision of an appeal tribunal shall be deemed to be the decision of the commissioner . . . for all subsequent actions in connection therewith." Plaintiff argues that by virtue of this provision, we should read "appeal tribunal's decision" for "commissioner's decision," and thereby conclude that the appeal authorized by RSA 282:5 G(4) (Supp. 1975) is an appeal from the original tribunal decision.

There are numerous difficulties in plaintiff's argument, principal among them being the fact that RSA 282:5 G(4) (Supp. 1975) itself expressly distinguishes the tribunal decision from the commissioner's decision on reopening. Further, plaintiff's theory would provide two distinct avenues of appeal from the merits of a tribunal decision: a "de novo avenue," open if appeal (or a request for reopening) has been made within fifteen days, and an "arbitrary and capricious avenue," open if a request for reopening has been made after fifteen but within ninety days. We cannot regard such distinct dual procedures as a likely legislative intent.

We conclude that plaintiff was limited in her appeal to the question of whether the commissioner had acted incorrectly in refusing to reopen her case. Since the only grounds for reopening are fraud, mistake or newly discovered evidence, and since the plaintiff did not proceed on any of these three fronts, it cannot be said that the commissioner's refusal to reopen was erroneous.

The decision of the superior court, purporting to review the tribunal's decision on the merits, is vacated.

*So ordered.*

All concurred.