Department of Employment Security
No. 84-120

# APPEAL OF LAURIE J. GALLANT
## (New Hampshire Department of Employment Security)

December 31, 1984

*New Hampshire Legal Assistance,* of Manchester (*Dorothy Meyer Storrow* and *Elliott Berry* on the brief, and *Ms. Storrow* orally), for Laurie J. Gallant.

*Gregory H. Smith,* attorney general (*Daniel J. Mullen,* assistant attorney general, on the brief and orally), for the State.

KING, C.J.   At issue in this case is whether the appellate division of the department of employment security acted within statutory and constitutional limits when it refused to hear an appeal filed late as a result of a delayed mail delivery by the United States Postal Service. We reverse and remand to the department of employment security for a hearing on the merits of the appeal.

The claimant, Laurie J. Gallant, filed a claim for unemployment benefits in September of 1983. She had left her job on June 22, 1983, stating that she was not capable of performing the new tasks which had been assigned to her by her employer.

A certifying officer in the department of employment security found that she had left her job without good cause attributable to the employer, and denied her benefits. She obtained the services of New Hampshire Legal Assistance and appealed this adverse decision to an appeal tribunal of the department. After a hearing on October 31, 1983, the appeal tribunal sustained the decision of the certifying officer. A timely request to reopen the case was filed with the commissioner of the department of employment security and was denied by decision mailed on January 5, 1984.

The claimant's representative mailed a letter from Manchester to the chairman of the appellate division in Concord, requesting an appeal from the January 5, 1984, decision pursuant to RSA 282-A:64 (Supp. 1983). The statute provides that an appeal must be filed with the appellate division within 15 days of the date of mailing by the commissioner of the denial of a request to reopen. *Id.* In this case the appeal period of 15 days expired on January 20, 1984. The claimant's letter of appeal was postmarked January 17, 1984, by the United States Postal Service. For reasons attributable solely to the postal service, the letter of appeal did not arrive at the appellate division in Concord until January 23, 1984.

On the same day that it received the letter, the appellate division denied the appeal due to late filing, and stated in part that, "unfor-

834

tunately, the law does not provide for late appeals to the appellate division, therefore, this letter constitutes final denial of your request for hearing before the appellate division." The claimant requested permission to file a late appeal which was denied by letter dated February 21, 1984. The claimant appealed the denial of her request for a late appeal to this court within 15 days of the February 21, 1984, denial.

The position asserted by the claimant is that the appellate division's refusal to consider the cause of the late appeal was: (1) contrary to the purpose and policy of the unemployment compensation act; and (2) a violation of the claimant's due process rights under the State and Federal Constitutions. The department counters with two arguments: (1) that the appeal to this court was not timely filed, because it was not filed within 15 days of the appellate division's denial on January 23, 1984, and thus, should have been dismissed; and (2) that the appeal to the appellate division did not comply with statutory procedures.

■ In addressing the department's objection to the appeal to this court, we must examine the statutory framework for appeals. Appeals of decisions of the appellate division are allowed to the supreme court only after "[a]n interested party . . . has *exhausted all administrative remedies* within the department and . . . is aggrieved by a *final decision* of the appeal tribunal . . . ." RSA 282-A:67 (Supp. 1983) (emphasis added). We have held that agency regulations which contradict the terms of a governing statute exceed the agency's authority. *Kimball v. N.H. Bd. of Accountancy*, 118 N.H. 567, 568, 391 A.2d 888, 889 (1978) (citing *Reno v. Hopkinton*, 115 N.H. 706, 707, 349 A.2d 585, 586 (1975)); *Opinion of the Justices*, 121 N.H. 552, 557, 431 A.2d 783, 786 (1981).

■ Regulations by the appellate division which require an appeal to the supreme court before the agency has ruled on a pending motion for a late appeal, are void because these regulations conflict with the statutory requirement that a party exhaust all administrative remedies before appealing to this court. RSA 282-A:67 (Supp. 1983); *see* DEPARTMENT OF EMPLOYMENT SECURITY APPELLATE RULE, DES–A 206.03 (1983). The claimant filed her appeal with this court within 15 days of the department's February 21, 1984, denial of her request for a late appeal. At that time the claimant had exhausted her remedies within the department. Accordingly, we have accepted the appeal of the appellate division's refusal to consider the claimant's late appeal.

The claimant argues that the appellate division's denial of her late appeal is contrary to the purpose of the unemployment compensa-

tion statute. The appellate division, on the other hand, claims that RSA 282-A:64 (Supp. 1983) mandates a denial of her appeal. The statute states that, "[t]he appellate division shall hear appeals from decisions of the appeal tribunal. Appeal must be filed with the appellate division within 15 days of the date of mailing of: (a) the commissioner's decision on a request for reopening . . . ." *Id.*

The department takes the position that it is bound by its own regulations which define filing for purposes of appeals under RSA 282-A:64 (Supp. 1983). Although these regulations have undergone frequent revision and are presently suspended, at the time the claimant mailed her appeal to the appellate division, the following regulation appears to have been in effect: "An appeal shall be received in a timely manner to the appellate division or the Department of Employment Security within 15 days from the date of mailing of an unfavorable decision. The date the appeal is received constitutes the date of filing an appeal with the Appellate Division." DEPARTMENT OF EMPLOYMENT SECURITY APPELLATE RULE, DES-A 202.01(d) (effective February 25, 1982, and expired February 24, 1984). Thus, the department has interpreted "filed" in the statute to mean *received* by the department, and not simply *mailed* by the claimant.

The department argues that because RSA 282-A:64 (Supp. 1983) is jurisdictional, the department has no jurisdiction to accept late appeals. We have held that if this argument "states the general rule it is subject to some qualification." *Rafferty v. State*, 107 N.H. 387, 388, 222 A.2d 823, 824 (1966). The present case is one in which some qualification is required. We therefore reject the department's jurisdictional argument.

The purpose of the unemployment compensation law is "to prevent . . . [the] spread [of unemployment] and to lighten the burden which now so often falls with crushing force upon the unemployed worker and his family . . . ." Laws 1981, 408:2. A remedial statute such as the unemployment compensation law should not be administered so as to burden claimants unfairly with the risk of delayed mail delivery. Such a draconian bar to a late appeal, no matter how faultless the claimant may be, could lead to absurd results. Under the department's interpretation, if the notice of its decision were delayed more than 15 days in the mail, the claimant's appeal rights to the appellate division would be lost, even though the claimant had never received notice of the decision.

While this opinion should not be utilized either to criticize or defend the reliability of the United States Postal Service, in fairness to claimants, they should be able to rely upon reasonable punctuality

by the postal service. Agency "rules may preclude discretion as long as they *do not cut off needed individualizing.*" 2 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 8:8 at 192 (2d ed. 1979). The division has, by a rigid interpretation of its own regulations, caused the filing requirements for appeals to operate arbitrarily and unfairly and has effectively precluded the "needed individualizing."

■ This court has said that appeals in unemployment cases should be "simple, prompt and non-legalistic." *Pomponio v. State*, 106 N.H. 273, 275, 209 A.2d 733, 734 (1965) (quoting *Hallahan v. Riley*, 94 N.H. 338, 340, 53 A.2d 431, 433 (1947)). Allowing this important right of appeal to be lost due to an extraordinary mail delay, entirely beyond the control of the claimant, is tantamount to frittering away the benefits and objectives of the law by "slavish adherence to technical and artificial rules." *Unemployment Comp. Bd. of Review v. Jolliffe*, 379 A.2d 109, 110 (Pa. 1977).

■ We hold that the appellate division of the department of employment security may not interpret its regulations so as to preclude acceptance of all late appeals without consideration of the facts and circumstances of each case. Concerning agency adjudications we have stated, "[t]hat [the proposition that] a governmental tribunal must utilize fair procedures is elemental." *Appeal of Lathrop*, 122 N.H. 262, 265, 444 A.2d 505, 506 (1982). The refusal of the appellate division to exercise its jurisdiction to grant the claimant's late appeal in this case was fundamentally unfair and constitutes error. Such a mechanistic denial of an employee's rights does not help to lighten the burden on the unemployed worker.

Having found the appellate division's denial of this appeal invalid on statutory grounds, we need not reach the additional constitutional arguments raised on appeal.

*Reversed and remanded.*

All concurred.